ANIBAL MASSA *vs.* COLUMBUS CREDIT UNION *et al.*

FEBRUARY 28, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This bill in equity was brought by a shareholder of the respondent credit union on behalf of himself and other shareholders thereof against said corporation and certain of its officers and directors. The bill seeks to set aside the purchase of certain real estate by the respondent corporation on the grounds that its action was ultra vires and the acts of its officers in carrying out said transaction were illegal and beyond their authority. The bill also prays for an accounting by said officers.

At the close of complainant's case at the hearing in the superior court on amended bill, answer, replication and proof, the trial justice granted respondents' motion to dismiss the bill. The case is before this court on complainant's appeal from the final decree denying and dismissing said bill.

The respondent corporation was organized as a credit union on August 11, 1950 pursuant to the provisions of G. L. 1938, chap. 146, as amended, (now G. L. 1956, chap.

19-21). The complainant has owned one share of stock in the corporation since January 1955. There are approximately 153,376 shares outstanding. On May 16, 1958 respondent corporation pursuant to authority granted by its board of directors purchased certain real estate in the town of Warren for $29,000.

On October 21, 1958 complainant wrote to the president of respondent corporation notifying him that he had prepared the instant bill of complaint seeking to set aside the conveyance in question on the ground that the purchase, ownership and retention of said property was illegal and ultra vires. At a special meeting of the board of directors held on October 27, 1958 to consider this letter, two of its members were appointed to confer with complainant. Conferences between the parties proved futile, the respondents refusing to rescind or revoke their action. Thereafter on November 17, 1958 the instant bill was filed.

A special meeting of respondent corporation's board of directors was held on November 6, 1958. At such meeting it was voted to call a special meeting of the shareholders on November 20, 1958 for the purpose of informing them of the board's action regarding the purchase of said property. The board also voted to have printed and sent to all shareholders a notice of the special meeting to be held regarding complainant's objections to the purchase.

Approximately 75 out of about 1,600 shareholders attended the special meeting held on November 20, 1958, at which it was unanimously voted to approve and ratify all of the actions of the board of directors relative to the purchase and use or uses of the property. It was also unanimously voted to authorize the corporation to defend the instant suit.

The bill alleges in substance that the purchase and retention of said property is illegal and ultra vires in violation of G. L. 1956, §§19-9-35 and 19-21-27; that it constitutes an unlawful depletion, diversion and squandering of the cor-

poration's funds and assets; that such property was not purchased for occupancy by the corporation for the convenient transaction of its business or for any other purpose authorized by law; and that no proper notice of any special or general meeting of the shareholders for the purpose of authorizing the acquisition of the property or expenditure of money for such acquisition was ever given to or received by the shareholders.

In their amended answer respondents pleaded several affirmative defenses, including a special plea of ratification by the shareholders and another special plea alleging that complainant held such a minor interest in the corporation that there was no damage which complainant could complain of and that consequently the doctrine of de minimis non curat lex should apply.

As we have already indicated, respondents' motion to dismiss the bill was granted by the trial justice at the close of complainant's case. In dismissing the bill against the individual respondents he held that their acts in purchasing said property for the corporation, even if they had acted beyond their authority, were legally ratified at the shareholders' meeting on November 20, 1958 and they could no longer be held to account to anyone for exceeding the powers conferred upon them by the bylaws.

In dismissing the bill against the corporation the trial justice observed that the only stake complainant had in this proceeding was something less than $6 in a corporation having assets of some $800,000. He held that in such circumstances the doctrine of "de minimis" should apply. Although he made no express finding that the action of the corporation in purchasing the property was ultra vires, it appears from his decision that he apparently felt that such purchase was impliedly prohibited by the statute. He based his decision on the ground that before a complainant can get any relief in equity, he must show he has a substantial interest in the proceeding.

Under his reasons of appeal complainant contends that the doctrine of "de minimis" does not apply to representative suits or to ultra vires acts. He also argues that acts which are ultra vires in the true sense are incapable of ratification. Finally he argues that a ratification was never effected in the case at bar because the shareholders' meeting at which a ratification was attempted was not properly called, the bylaws not having been complied with and the notice being insufficient.

After carefully examining the transcript we are satisfied that the shareholders' meeting held on November 20, 1958 was lawfully called. But even if we assume that it was not properly called and that acts ultra vires the corporation are incapable of ratification, it is nevertheless our opinion that the decree dismissing the bill is not in error.

The complainant alleges in paragraph 7 of the bill that he has no further or other effective action available to him in the premises to compel the corporation to comply with the laws of the state of Rhode Island and refrain from ultra vires acts. While the record shows that complainant wrote to the president of the corporation and conferred with a committee of two members of the board of directors with reference to his claim of illegality and ultra vires acts of the corporation, it does not appear from the evidence that he attended the shareholders' meeting or that he took any other action to get the shareholders to act on his complaint. See *Albers* v. *Merchants' Exchange of St. Louis,* 45 Mo. App. 206, 213. We agree with the statement of the court in *Albers* that "before a single member of a corporation, whose membership is three thousand, can maintain such an action, he must show that he has endeavored in good faith, through corporate meetings or otherwise, to induce the appropriate affirmative action on the part of a majority of the stockholders." See 72 A.L.R. 628. See also *Dunphy* v. *Traveller Newspaper Ass'n,* 146 Mass. 495, 497.

Finally it is our opinion that the trial justice did not err in applying the doctrine of "de minimis" in the circumstances of the case at bar. The complainant was the only dissenting shareholder. The value of his share was under $6. No other shareholder joined with him in this action. In the circumstances we believe that the reasoning of the court in *Albers* applies to the instant case. As was said in *Albers* at page 223: "And while it is no doubt true that, where directors of a corporation commit breaches of their trust by doing of acts which are *ultra vires* the corporation itself, and which cannot, therefore, be ratified even by a majority of the stockholders against the dissent of the minority, a single shareholder may have relief in equity,— yet, even in such a case, before a court of equity will open its door to one of the dissenting minority, it ought clearly to appear that he is not the only one who complains, or that, if he is the only one, the loss which he has sustained is of a substantial character."

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Norman H. Mann, Joseph L. Breen,* for complainant.

*Joseph D. Accardi, James E. Murphy,* for respondents.