# John R. Eldred v. Charles S. Ripley.

1. CORPORATIONS—*A Stockholder Can Not Maintain an Action in His Own Behalf Against One Who Has Injured the Corporation— Where the Rule Does Not Apply.*—A stockholder, merely as such, can not maintain an action in his own behalf against a person who has injured the corporation, however much the wrongful acts may have depreciated the value of his shares, but the court is of the opinion that this principle has no application where the wrongful acts are not only wrongs against the corporation but are also violations by the wrongdoer of a duty arising from contract or otherwise, and owing directly by him to the stockholders.

2. SAME—*Actions by Stockholders to be in Equity.*—Under the rule in this State a suit by a stockholder for an injury to his stock must be brought, in ·equity, by and in the name of the corporation, or if it refuses, on request, to bring such suit, then it may be brought by the stockholder, and the corporation made a party.

3. SAME—*A Stockholder Can Not Maintain an Action at Law Against a Director for Wrongful Acts.*—A stockholder can not maintain an action at law against a director of the corporation for wrongful acts which result in the depreciation of the value of his shares of stock, for the reason that a judgment in favor of one stockholder would be no bar to an action by a creditor, nor a judgment by both, to an action by the corporation.

4. SAME—*A Stockholder Can Not Maintain an Action for an Injury to the Whole Body of Stockholders in Common.*—A stockholder can not maintain an action for an injury done to the stock and capital of the corporation by negligence or misfeasance, for such injury is not to his separate interest, but to the whole body of the stockholders in common.

5. MALICIOUS PROSECUTION—*Does Not Lie for Fraudulently and Maliciously Bringing a Civil Suit.*—An action for malicious prosecution will not lie by a stockholder in a corporation against a person for fraudulently and maliciously attaching his shares of stock.

Trespass on the Case, for fraudulently and maliciously conspiring to depreciate the value of capital stock of a corporation. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed October 24, 1901.

**Statement by the Court.**—Appellant brought suit in case against appellee to recover damages for the depreciation in value of certain stock owned by appellant in the American Mining Company, alleged to have been caused by appellee,

and to recover attorney's fees, costs and expenses claimed to have been incurred by appellant in a certain chancery suit brought by the latter against appellee and others in order to have a certificate of the shares of said stock re-issued to appellant.

A demurrer was sustained to the declaration, and it was subsequently amended, to which a general and special demurrer was interposed, one of the causes of special demurrer being that the "plaintiff does not complain of Charles S. Ripley, defendant, but of one Josiah Stedman." This demurrer was also sustained and a judgment for costs entered against the plaintiff, from which this appeal is taken.

The first count of the declaration in substance charges that plaintiff, September 18, 1896, was the owner and possessed of certain full paid shares of capital stock of said corporation; that April 15, 1896, the corporation was the owner of large properties, describing the same, worth $100,000, and was possessed of $25,000 in money; had a controlling interest in a certain valuable mine, which was subject to a mortgage securing 100 bonds of $500 each, of which seventy of the bonds remained unissued and under the control of said mining company until the 15th of April, 1899; that plaintiff's stock was worth seventy cents per share on said last named date; that said appellee, who was then and for a long time had been a director and the managing director of said company, and three others, directors, who were the president, secretary and treasurer of the company, respectively, composing a majority of the board of directors, wickedly devising and intending to cheat, wrong and defraud the plaintiff, did then and there, unlawfully, fraudulently and maliciously conspire, confederate, combine and agree together, knowingly, designedly and fraudulently to defraud said plaintiff out of the value of his said stock in said corporation, and to render it worthless, by fraudulently, unlawfully and collusively diverting the funds and property of said corporation into the possession, or under the control of some one or more of said con-

spirators, or their agents in that behalf, and by destroying confidence in said corporation and the management thereof, such funds and property to be thereafter transferred to a new corporation to be organized by or under the direction of said conspirators, or some one or more of them, in payment for stock in such new corporation, it being understood, either expressly or impliedly, by and between said conspirators, who were then and there the holders of a majority of the capital stock of said American Mining Company, that all of the stockholders of said corporation last mentioned, excepting only said plaintiff, should receive, without cost or charge, the same number of shares, and amount of stock, of the same par value per share, in such new corporation, as they, and each of them, respectively, held in said American Mining Company.

The count then proceeds to set up the details of the alleged conspiracy, combination and agreement between the defendant and others, giving in detail their actions, and alleges that all "said acts, doings and proceedings are, and subsequent to said 15th day of April, 1899, were had and taken by and with the consent of, or have been ratified by the holders of all the stock of said American Mining Company, excepting only said plaintiff;" and that by means of the premises said mining company has been defrauded of property of the value of $143,750, and plaintiff's stock has thereby been and is depreciated in value fifteen cents per share, and also confidence in the management and control of the business and affairs of the corporation has been and is wholly lost and destroyed, and his said stock has thereby suffered a further depreciation in value of fifty-five cents per share and is rendered wholly worthless.

The second count sets up the ownership of the same stock, and that on December 29, 1896, while he so owned it, the defendant, who was a director and managing director of the said mining company, did unlawfully, fraudulently and maliciously, without plaintiff's knowledge or consent, commence a certain attachment suit before a justice of the peace in the county of Milwaukee to recover an

alleged demand of $200, and fraudulently and maliciously procured an attachment writ to be issued by said justice and delivered to a constable, and fraudulently and maliciously caused the constable to seize plaintiff's stock, and afterward fraudulently and maliciously procured a pretended judgment in the attachment suit for the amount claimed and costs, and an execution to be issued and a sale made of said stock to the defendant, and procured the cancellation of plaintiff's certificate of the shares of said stock and another certificate to be issued by the company to the defendant; also that plaintiff had no notice or knowledge of said proceedings, or any of them, until more than a year thereafter; that at the time of the commencement of said attachment suit, said stock was worth twenty-five cents per share and at the time of said pretended sale it was worth thirty-five cents per share; that the justice of the peace obtained no jurisdiction over plaintiff, and his judgment was void; that the defendant willfully and fraudulently concealed from the plaintiff all the proceedings aforesaid, and that by means of said pretended suit and proceedings therein taken the mining company refused to re-issue to plaintiff a certificate for his said shares of stock, and in order to procure the re-issuance to him of said certificate he was obliged to and did commence and prosecute a suit in chancery against the defendant and others in order to have said certificate re-issued to him, and in so doing necessarily laid out and expended large sums of money for attorney's fees, costs and expenses therein.

JEROME PROBST, attorney for appellant.

WALSH BROTHERS and ROBLIN & SICKELSTEEL, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The judgment must be affirmed, because the declaration does not complain of Charles S. Ripley, but of one Josiah Stedman, who is not a party to the suit. The declaration

as amended commences as follows: "John R. Eldred, by Jerome Probst, his attorney, complains of Josiah Stedman of a plea of trespass on the case," and then proceeds in regular form, setting out the allegations, the substance of which appears in the statement and is clearly subject to the cause of special demurrer assigned.

We have, however, seen fit to consider the merits of the case as stated in the declaration, and are of opinion that the general demurrer was properly sustained.

In one of the cases cited and relied upon by counsel for appellant, viz., Ritchie v. McMullen, 79 Fed. Rep. 522–33, the court say:

"It is undoubtedly true, as the Circuit Court held, that a stockholder, merely as such, can not have an action in his own behalf against one who has injured the corporation, however much the wrongful acts may have depreciated the value of his shares.  Smith v. Hurd, 12 Metc. (Mass.) 371; Allen v. Curtis, 26 Conn. 456; Wallace v. Bank, 89 Tenn. 630, 15 S. W. Rep. 448; Hersey v. Veazie, 24 Me. 1; Conway v. Halsey, 44 N. J. Law, 462; Porter v. Sabin, 149 U. S. 478, 13 Sup. Ct. Rep. 1008.  But we are of opinion that this principle has no application where the wrongful acts are not only wrongs against the corporation, but are also violations by the wrong-doer of a duty arising from contract or otherwise, and owing directly by him to the stockholders."

It will be observed by an examination of this case, that a contract relation existed between the plaintiff and the defendants by reason of a pledge of stocks there in question, and the court bases its opinion largely upon the case of Smith v. Hurd, *supra*, in which the court held that its main reason for denying the right of action of a stockholder in such a case, was the want of privity between him and the directors.  Each of the cases cited in the Federal opinion clearly sustains the general proposition that a stockholder can not have an action at law against a director of a corporation for wrongful acts which result in the depreciation of the value of his stock, and in the Massachusetts case referred to, the court gives the reason, among others, why the action should not lie, that a "judgment in favor of one stockholder would be no bar to an action by cred-

itor, nor a judgment by both to an action by the corporation."

The court also further say:

" An injury done to the stock and capital by negligence or misfeasance, is not an injury to such separate interest, but to the whole body of the stockholders in common."

· In the Allen case, *supra*, the court, in a suit by a stockholder against the directors of a bank for their fraudulent acts by which his stock was rendered worthless, say: " The entire duty of the directors growing out of their agency, is owed to the bank, which, under the charter, is the sole representative of the stockholders and the legal protector and defender of their property," and held that until the directors refused to act, on request, the action could not be maintained, and after such refusal, then that equity was the forum, and that the corporation should be a party.

In the Wallace case, *supra*, which was an equity suit against the officers and directors of a corporation for negligence and mismanagement of its affairs, whereby the stock was rendered worthless, the court say:

" The recovery must be for the benefit of the corporation, all its creditors and shareholders, innocent and guilty sharing proportionately in the benefits of the decree."

In the Porter case, *supra*, the Supreme Court of the United States held that such a right of action was in the corporation, and that it is only when the corporation will not bring the suit that it can be brought by one or more of the stockholders in behalf of all, and then only to enforce the right of the corporation, which is a necessary party to the suit.

In the Conway case, *supra*, the New Jersey court, in an action by a stockholder against the president and directors of a national bank for mismanagement of its affairs, by which the stock was rendered worthless, held that the action would not lie, relying upon the Smith case, *supra*, and say that since the decision of that case the court does not find that its doctrine has been anywhere doubted. To the same effect, in substance, are the following cases:   Greaves

v. Gouge, 69 N. Y. 154–7; Peabody v. Flint, 6 Allen, 52–6; Talbot v. Scripps, 31 Mich. 268; Jones v. Johnson, 10 Bush. (Ky.) 649–60.

In the last case cited the court holds that the stockholder thus injured can sue only in equity, and say : " It does not matter if the action be founded upon a *tort;* the shareholders not having a legal right to sue, must either come into equity or be without remedy."

In so far as the case of Gardner v. Pollard, 10 Bosw. 674–91, decided by the Superior Court of New York, relied upon by appellant, may be said to conflict with the foregoing authorities, it must be controlled by the Greaves case, *supra*, decided by the Court of Appeals of that State.

The case of Hanley v. Balch, 94 Mich. 315, is relied upon by counsel for appellant, but an examination of the case shows that while the language of the court seems to support appellant's contention, the case contains the element of contract the same as the Ritchie case in the Federal Court, and the court also recognizes the general rule that a stockholder's suit must be brought in equity.

The case of Cazeaux v. Mali, 25 Barb. 578, decided by the Supreme Court of New York, if it can be said to conflict with the rule above stated, must be controlled by the later case of Greaves, *supra*, decided by the Court of Appeals of that State.

The other cases cited and relied upon by appellant's counsel are not, in our opinion, applicable. It is true that in the case of Doremus v. Hennessy, 176 Ill. 608–14, the court uses general language which would seem to justify an action at law such as the one at bar, but this language must be considered with reference to the. case then under consideration by the court, which is totally different from the case here presented. The rule in this State is to bring such suits in equity, and it has been invariably held that the action must be brought by and in the name of the corporation, or if it refuses, on request, to bring the suit, then that the suit may be brought by a stockholder, and the corporation should be made a party.

It does not seem to have been decided directly that an action at law would not lie. City of Chicago v. Cameron, 120 Ill. 447; Chicago, etc., Co. v. Yerkes, 141 Ill. 320; Hyde Pk. Gas Co. v. Kerber, 5 Ill. App. 132; Bruschke v. N. C., etc., Verein, 145 Ill. 433–45; Brown v. DeYoung, 167 Ill. 550; Farwell v. G. W. Tel. Co., 161 Ill. 522–604.

We think the clear weight of authority is that the stockholder's remedy for such an injury is in equity, and that this rule is in consonance with reason and does justice to all concerned.

The second count of the declaration, besides being bad under the special demurrer as above stated, is also, in our opinion, fatally defective, in that it in substance seeks to recover damages of appellee for fraudulently and maliciously bringing a civil suit against appellant, in which the former recovered judgment, which has never been set aside. The general rule is that an action in such a case can not be maintained, and the allegations of the second count do not bring it within any exception to the rule, so far as we have been able to ascertain. Feazle v. Simpson, 1 Scam. 30; Reynolds v. De Geer, 13 Ill. App. 113, and cases cited.

The judgment of the Circuit Court is affirmed.