CHARLES DORRAH, Respondent, v. PEMISCOT COUNTY BANK, a Corporation, F. J. CUNNING-HAM, J. A. CUNNINGHAM, S. P. REYNOLDS, H. C. SCHULT and A. C. TINDLE, Appellants.

**St. Louis Court of Appeals.   Opinion Filed December 4, 1923.**

1. **CORPORATIONS: Banks: Loss Sustained: Negligence and Misconduct of Directors: Stockholder's Action for Value of Stock: Petition: Individual Cause of Action.** In an action brought by plaintiff as a stockholder in a bank alleging that he owned shares of the capital stock of the bank having a certain value, and that by reason of the negligence of the defendants as directors the bank became insolvent and plaintiff's stock was rendered totally valueless, *held* that the petition is drawn upon the hypothesis that it is a suit for the sole and exclusive use and benefit of the plaintiff as a stockholder in said bank, and is brought by him as such stockholder to require the individual directors to pay him the value his stock had before the bank's insolvency.

2. ———: ———: ———: ———: **Corporation's Cause of Action: Stockholder Suing Directors Must Allege and Prove Facts Authorizing It.** Where directors of a bank have wrongfully or negligently conducted themselves with reference to the affairs of the bank, and the bank has thereby suffered loss, the corporation is vested with a right of action against the directors, or so many of them as caused the loss, for the amount lost by reason of such misconduct or negligence, and in the event the corporation, after request, refuses to bring such suit, then a stockholder may enforce such cause of action accruing to the corporation, and such suit may be brought by a single stockholder for the corporation in the event the other stockholders refuse to participate in such proceeding, and where a demand to sue would be futile or useless, or where the persons sought to be sued are in control of the bank, no request

Dorrah v. Pemiscot County Bank.

to sue is necessary, but in case a stockholder's suit is brought, it devolves upon such stockholder to allege and prove the facts which would authorize him in his own name to prosecute the cause of action which vested in the corporation and for which the stock- holder interposes the suit.

3. ———: ———: ———: ———: Refusal of Corporation to Sue: Stockholder Bringing Suit Against Directors: Cause of Action Remains that of Corporation. Furthermore, although the stockholder brings the suit, such cause of action undergoes no metamorphosis by reason of the stockholder instituting same rather than the corporation; it remains the same whether brought by the corporation or by a stockholder for the corporation.

4. ———: ———: ———: ———: Corporation Refusing to Sue: Stockholder's Individual Action at Law: Not Maintainable. In an action brought by plaintiff as a stockholder in a bank to recover the value of stock rendered valueless by reason of the negligence of defendants as directors of the bank, it appearing from the petition that the action was one for the benefit of plaintiff himself, and for him individually and alone, and not one to recover for the benefit of the corporation, or for any agency standing for all the creditors and stockholders of the bank, and considering the petition from the law side, same being a suit by plaintiff against the directors for the value of his stock was lost by the failure of the bank, *held* that the petition does not state a cause of action upon any theory sanctioned by our law.

5. ———: ———: ———: ———: ———: Stockholder's Equitable Action: Rule. Where a corporation has suffered loss by reason of the negligence of its directors, then the right to sue for such loss rests solely in the corporation, and such right does not fall upon stockholders individually to recover for their personal loss, and *held* considering the petition in the case at bar as seeking relief through equity, the plaintiff does not bring himself within the rule allowing a recovery to the use of the corporation for all of the stockholders and creditors generally.

6. ———: ———: ———: ———: No Individual Cause of Action in Stockholder Against Directors. No individual right of action rests in a stockholder where the directors of a corporation have caused loss to the corporation through their carelessness and mismanagement.

7. ———: ———: ———: ———: Stockholders Individual Action Against Directors: Petition: Equity: Prayer: Substitution of Different Cause of Action: Not Permissible. The rule in equity practice, that regardless of the prayer for a personal judgment, the court

is authorized to decide the whole issues and award complete relief, has its limitations, and does not permit a complete rejection of a petition of an individual stockholder against directors bottomed on the theory of a personal cause of action for his individual losses through the negligence and mismanagement of defendant directors and substitute an entirely different cause of action, namely, the corporation's cause of action.

Appeal from the Circuit Court of Ste. Genevieve County. —*Hon. Peter Huck,* Judge.

REVERSED.

*Arthur L. Oliver, C. G. Shepard, C. J. Stanton, Jno. A. Hope,* and *W. M. Fitch* for appellants.

(1) This court has jurisdiction in this cause for the reason that State and Federal constitutional questions have been timely raised and preserved upon the record. Suess v. Ins. Co., 193 Mo. 564; Pav. Co. v. Ridge, 169 Mo. 376; Andrus v. Ins. Co., 168 Mo. 151; Sec. 30, Art. 2, Mo. Constitution; Sec. 1, 14th Amendment, Fed. Constitution; Sec. 12, Art. 6, Mo. Constitution. (2) 1. Where directors have acted wrongfully or negligently and the corporation has suffered loss by reason of such acts, the corporation is vested with a right of action against the directors, or such of them as caused such loss, for the amount of the loss sustained. In case of failure to prosecute such cause of action by the corporation a stockholder may enforce said cause of action which has accrued to the corporation, provided the corporation, its officers or directors refuse to prosecute same, and provided further the stockholder cannot secure redress by appealing to the other stockholders to elect such officers as will enforce the cause of action. Where a stockholder sues by reason of above grounds, he must show the facts which will authorize him, in his own name, to prosecute the cause of action which vested in the corporation. Stone v. Rottmann, 183 Mo. 552; Vogeler v. Punch, 205 Mo. 558; Bank v. Hill, 155 Mo. 279; Utley v. Hill, 155 Mo. 282; Bank v. Hill, 148 Mo. 380; Briggs v.

Spaulding, 141 U. S. 132; Porter v. Sabon, 149 U. S. 473; Chem. Co. v. Newrich, 169 Mo. 388; Securities Co. v. Belmont, 206 N. Y. 7; Weingreen v. Nickelbocker, 124 N. Y. S. 41; Bartlett v. R. R. Co., 221 Mass. 530; Moncrief v. Wilkinson, 93 Ala. 364; Kavanaugh v. Trust Co., 181 N. Y. 121; O'Connor v. Power Co., 181 N. Y. 46; Wallace v. Bank, 89 Tenn. 630; Minton v. Stahlman, 96 Tenn. 98. 2. "In order to maintain this action it devolved upon plaintiff to allege and prove that the corporation had refused to sue or that the defendant, Punch, was in control of the corporation." Vogeler v. Punch, 205 Mo. 558; Wallace v. Bank, 89 Tenn. 630, 7 R. C. L., sec. 475; Warner v. Penoyer, 33 C. C. A. 222. 3. The cause of action accruing to the corporation remains the same whether brought by the corporation or by a stockholder therein. 14a C. J., sec. 1931, pp. 154; Sec. 1936 and 1935; 3 Cook Corps., sec. 71-734; Morawetz Corps., sec. 271; Wallace v. Bank, 89 Tenn. 630. (3) The petition must state the facts to show that the cause of action is vested in the corporation, which would enable the corporation to sue and recover on the facts so stated. Conclusions of facts or of law in a petition will not sustain such action, whether brought by a stockholder or by the corporation. Sec. 1220, R. S. 1919; Vogeler v. Punch, 205 Mo. 558; Stone v. Rottman, 183 Mo. 552; Albers v. Exchange, 45 Mo. App. 206; Bank v. Barnett, 155 Mo. 569 (500 counts); Mason v. Moore, 73 Oh. St. 275; Bank v. Hill, 148 Mo. 380; Bank v. Hill, 155 Mo. 279; Utley v. Hill, 155 Mo. 282; Smith v. Baker, 197 Fed. 466; Williams v. Brady, 221 Fed. 118; Wynn v. Bank, 168 Ala. 469; Merchants & Planters Line v. Waganer, 71 Ala. 581; Moncrief v. Wilkinson, 93 Ala. 634; Decatur Land Co. v. Palm, 113 Ala. 531; Blair v. Newspaper Co., 172 Mass. 201; Gores v. Field, 109 Wis. 408; Hardin v. McKnight, 64 So. Rep. 965; O'Connor v. Power Co., 184 N. Y. 46; Quincy v. Steel, 120 U. S. 241. 2. The rule announced in the above cases hold that a stockholder cannot sue for himself for the depreciation in value of his stock measured by its value before the loss to the cor-

poration and afterwards. Securities Co. v. Belmont, 206 N. Y. 7; Niles v. Railroad Co., 176 N. Y. 119; Kavanaugh v. Trust Co., 181 N. Y. 121. 3. Plaintiff alleges demand on officers of bank and trust company to bring suit. His proof shows no demand made on the officers or corporations, but only an indefinite agreement with Col. Oliver, ·attorney at law, who had generally represented the bank and trust company— (a) There was a complete failure of proof on this point; (b) Col. Oliver, as attorney, had no power and did not attempt, before suit was brought and his entry of appearance therein, to do anything that would affect in any way his clients' interests after such suit was brought. Such an act would require power of attorney from a corporation to him to waive its right An attorney at law has no such power before suit is brought. Peterson v. R. R. Co., 108 Fed. 561; Bradley v. Welch, 100 Mo. 258; Sec. 1267, R. S. 1919. (4) 1. There was a defect of parties. Plaintiff alleges the Citizens Trust Company had been appointed liquidating agent for the Pemiscot County Bank and the appointment approved by the bank commissioner. Defendants allege that the trust company was afterwards appointed, qualified and was then acting as receiver for said bank. In either case the trust company was a necessary party to the suit. Stone, Receiver, v. Rottmann, 183 Mo. 552; State ex rel. v. Tindle, 199 S. W. 1095; Trust Co. v. Ferguson, 195 Mo. App. 330; Mfg. Co. v. Wilhite, 233 S. W. 711; Gores v. Field, 109 Wis. 408; 14a C. J., sec. 1940. 2. The plaintiff does not attempt to bring the cause of action which vested in the bank, if said bank had a cause of action. Plaintiff does not sue for the benefit of the bank or its unpaid creditors, or for all stockholders, or for any stockholder outside of himself. The suit is solely for the personal benefit of the individual plaintiff for the alleged loss of the value of his stock by reason of the failure of said bank. See authorities, points 2 and 5. 3. The right of creditors is superior to the right of stockholders and until creditors are paid stockholders can secure no personal benefit by any cause of action

213 M. A.—35

which accrued to or vested in the corporation. Niles v. Railroad Co., 176 N. Y. 119; Daugherty v. Poundstone, 120 Mo. App. 308; Cases points 2 and 5. 4. In case the directors should not bring the suit, it is jurisdictional for plaintiff to allege in detail the facts that authorize the plaintiff stockholder to prosecute the suit in his own name, the reason for his prosecuting same and the purpose thereof. Saunder v. Bank, 113 Va. 656; Steiner v. Parsons, 103 Ala. 215; Bartlett v. Railroad Co., 221 Mass. 530. And the stockholder should not stop after requesting the directors to act, but if the remedy can be procured by an appeal to the stockholders, he must pursue that remedy before equity will open its doors to him. Vogeler v. Punch, 205 Mo. 558; Kavanaugh v. Trust Co., 181 N. Y. 121; Merchants & Planters Line v. Waganer, 71 Ala. 581; Bartlett v. Railroad Co., 221 Mass. 530; Moncrief v. Wilkinson, 93 Ala. 364. (5) 1. Directors are not liable for errors of judgment exercised in good faith, nor for wrongful acts of others without their knowledge. Briggs v. Spaulding, 141 U. S. 132; Holmes v. Camp, 154 N. Y. S. 513; Mason v. Moore, 73 Oh. St. 275; Stone v. Rottman, 183 Mo. 552. 2. A by-law passed by the board of directors may be waived by the board, and its waiver by long continued action is not negligence *per se.* Dresser v. Bates, 250 Fed. 525 (C. C. A.); Briggs v. Spaulding, 141 U. S. 132. 3. The secretary of a corporation is a ministerial officer without power to waive process of summons, notices or other process necessary to bring his corporation under the jurisdiction of the court. Development Co. v. Oil Co., 229 S. W. 88 (Ky.). 4. Plaintiff having relied on the authority of Col. Oliver to waive notice to the corporations or rights of the corporations, assumes the burden of proving that Col. Oliver had authority to act for the corporations in question. Bank & Trust Co. v. Dry Goods Co., 238 S. W. (Mo.) 474. (6) 1. It was error for the court to require the defendant to assume the burden of showing that Col. Oliver did not have power before suit was brought to waive jurisdictional notices running to the defendant corporation.

2. Plaintiff's proof utterly fails to support the allegation of the petition wherein it is alleged that plaintiff demanded of the corporation and its officers to bring suit, and evidence produced failed to sustain the finding of referee where the referee finds that notice was given to the corporation. Such finding was against the evidence, and was in such general terms as to constitute no finding of fact in the premises. 3. Plaintiff fails to state any fact authorizing equity to assume jurisdiction in his behalf and having alleged that his corporation is insolvent, unable to pay its debts, absolutely bars himself from entering equity for the purpose of procuring his individual claim against the directors on an assumed cause of action vesting in the corporation, while he admits the creditors are unpaid. 4. The petition does not ask interest. The finding of the referee recommends interest in behalf of plaintiff from June —, 1913, to date of judgment at six per cent per annum. Judgment includes interest from June —, 1913 to June 11, 1921. The finding and judgment are erroneous as to interest. (7) 1. If there be any possible theory for plaintiff's recovery for any purpose whatever under his petition (which is denied), then judgment must be reversed as to all defendants, except possibly the defendant Tindle, because plaintiff failed to prove the fact of a single loss of the assets of the bank flowing from any wrongful or negligent act of any director save the director Tindle; and even as to him, we cannot conceive of any theory of law or of equity on which plaintiff, under his petition, can recover. Dresser v. Bates, 250 Fed. 525; Warner v. Penoyer, 33 C. C. A. 222; Cases under points 2 and 3. 2. Plaintiff fails to state the kind of relief he demanded at the hands of said bank or trust company or their officers. If he sought from them the relief prayed for in his bill and sued for as therein stated, then we insist it was eminently proper for the corporations and their officers to refuse plaintiff's request to sue, even though such request had actually been made. 3. The leading Missouri cases, on the right of stockholders to sue direc-

tors for the wrongful or negligent act of the directors, causing loss to their corporation, reasonably cover the law controlling this case, and hold—(a) Such cause of action vests in the corporation; (b) A stockholder cannot sue on such cause of action for his own benefit. (c) A stockholder cannot sue on such cause of action until he has exhausted the remedy complained of through the corporate authorities, first, the board of directors; and second, by appealing to the stockholders. Vogeler v. Punch, 205 Mo. 558; Stone v. Rottmann, 183 Mo. 552; Bank v. Hill, 155 Mo. 279, 282; Bank v. Hill, 148 Mo. 380; Thompson v. Grady, 107 Mo. 577; Daugherty v. Poundstone, 120 Mo. App. 300; Albers v. Exchange, 45 Mo. App. 206; Chemical Co. v. Nemnichs, 169 Mo. 397; Utley v. Hill, 155 Mo. 232. (8) Plaintiff Dorrah by accepting position on stockholders' examination committee, and by making report as required by law, is estopped from claiming negligence resulting in loss from any defendant after he, as a member of such committee, under oath, stated upon his examination of the entire affairs of said bank, that the assets were properly kept, that the books and papers of said business of the bank was properly managed. If he had a good cause of action otherwise his work on said committee, and his report to the defendants, as a member of such committee, would estop him from now claiming that they were in fact negligent and caused loss to the bank by reason thereof. See Sec. 1099, R. S. 1909. (9) "No rule of law is better settled than that a single cause of action cannot be split up so as to make different causes of action when there is really but one. (Savings Bank v. Tracy, 141 Mo. 252; Wagner v. Jacoby, 26 Mo. 532; Railroad v. Trouble, 59 Mo. 355; Taylor v. Heitz, 87 Mo. 660; Donnell v. Wright, 147 Mo. 639.) Different issues in a case cannot be regarded as different causes of action unless they are really so." Bircher v. Boemler, 204 Mo. 554. (10) 1. The official published statements of a bank are for the purpose of informing the bank commissioner as to the financial condition of the bank and is not intended as a representation of the financial condition of the bank to the public

generally. Sec. 1102, R. S. 1909; Utley v. Hill, 155 Mo. 232, 271. 2. The official examination by a bank examiner under the direction of the bank commissioner is secret. The examiner has no right to disclose the contents of his examination to anyone except to the bank commissioner. He does not give the result of his examination to the board of directors. Sec. 1079, R. S. 1909. 3. The duties of directors so far as the statute is concerned is defined by sec. 1099, R. S. 1909.

*E. P. Rosenberger* and *Ward & Reeves* for respondent.

DAUES, J.—This suit is brought by plaintiff as a stockholder in the Pemiscot County Bank, alleging that he owned fifteen shares of the capital stock of said bank having a certain value, and that by reason of the negligence of defendants as directors the bank became insolvent and plaintiff's stock was rendered totally valueless. Plaintiff seeks to recover the value of such stock from the defendants. It is alleged that the par value per share was $100, and a surplus value of $36.66 2/3, making a total value of $136.66 2/3 per share, or a total of $2050.

The cause was originally instituted in Pemiscot county. Plaintiff obtained a change of venue and the case went to the Ste. Genevieve County Circuit Court. After the issues were made up a referee was appointed upon defendants' application and over plaintiff's objection. The referee found for plaintiff, the defendants filed exceptions which were overruled, and judgment was rendered in favor of plaintiff and against defendants J. A. Cunningham, F. J. Cunningham, S. P. Reynolds, H. C. Schult and A. C. Tindle for $3035.48, interest being computed. From this judgment defendants bring this appeal.

This suit is one of a lot of eight, all brought at the same time by eight different stockholders on separate petitions which were exactly the same except as to the amount of stock held by the respective plaintiffs and the

date of the issuance of the stock. By amendments made long after the case reached the referee, some different allegations are contained in some of the cases which will be discussed in the Suggett case, a companion case herewith, by us decided this day and wherein such amendment appears. By agreement of counsel, the testimony in this case applies to all of the eight cases. The appeal was first taken to the Supreme Court, and that court transferred the case here, holding it had no jurisdiction to determine same. [See Dorrah v. Bank, 248 S. W. 960.]

Addressing ourselves strictly to the case now before us, we shall take up and attempt to analyze, in a moderately logical way, the propositions involved.

At the very beginning we are confronted with a disputation of counsel as to the nature of the cause of action attempted to be asserted, and this reaches to the very vitals of the case. We, therefore, examine the petition to determine its real purpose and effect. The petition, as already stated, is brought by a stockholder for a loss which he claims he sustained through the defendants' negligence in permitting the property of the bank to be dissipated and because of defendants' mismanagement as directors. The individual directors, the corporation Pemiscot County Bank and one A. C. Tindle are the named defendants. Tindle was cashier and concededly misused the funds of the bank and directly brought this financial loss to all interested in this institution, the total loss being nearly a half million dollars.

The trial petition, after alleging the incorporation of the bank and alleging that same was made a defendant because the corporation refused to institute this proceeding, states that plaintiff was a stockholder in the amount said and that he lost the whole of the stock so owned; that the named directors constituted the board of directors; that the bank failed and plaintiff lost his stock because the defendants as the board of directors committed certain acts of negligence, to-wit: First, that they failed to observe the by-laws of the bank; second, that they failed to inquire into the affairs of the bank

and ascertain its true condition; third, that the directors neglected their duty in passing upon loans made by the bank and permitted large sums of money to be misappropriated and loaned to irresponsible parties without security; fourth, that the directors left the entire management of the bank to the cashier who loaned large sums to insolvent corporations and persons interested with the cashier; fifth, that the directors failed to meet and examine into the condition of the bank from time to time; that they were guilty of misfeasance and nonfeasance as officers of the bank; that they permitted the officers of the bank to use the funds in their private business and overdraw their accounts; that they failed to require the officers to give bond, and permitted certain officers to use the funds of the bank for their own purposes, and, finally, that the directors and officers of the bank failed to perform their duty as required by law.

The petition recites that the plaintiff has demanded of the bank, through its directors, that it institute and bring this action to recover "for the loss of the value of the capital stock belonging to plaintiff, Charles Dorrah, hereinafter complained of," but that they have declined to institute this or any other proceeding whatever therefor, and that the Pemiscot County Bank is made a party defendant solely because it refuses to be a plaintiff.

On June 17, 1919, after the referee had completed taking the testimony in the cause, this amendment appears immediately after the averments just mentioned, to-wit:

"Or that said defendants J. A. Cunningham, F. J. Cunningham, S. P. Reynolds and H. C. Schult constitute a majority of the board of directors and own a majority of the stock in said Pemiscot County Bank and are the managing officers of and in control of said defendant bank and are the parties guilty of the breach of trust and negligence hereinafter complained of, and therefore demand upon them is useless as they will not sue themselves."

It is then alleged that the bank has become insol-

vent and the capital stock and surplus wiped out and plaintiff's interest therein totally lost; that the "shares of stock of plaintiff have become worthless, to the damage of plaintiff in the sum of $2050." The petition concludes with the averment that plaintiff has no adequate remedy at law; that he implores the aid of equity, and if the matters above pleaded be proven to be true, then judgment be rendered in favor of the *plaintiff* and against the defendants J. A. Cunningham, F. J. Cunningham, S. P. Reynolds, H. C. Schult and A. C. Tindle for the sum of $2050, together with the cost of this suit.

Appellants strenuously insist that the petition in many material respects pleads nothing but conclusions, and obviously there is room for this contention. Many of the averments of the petition are couched in language expressing mere conclusions rather than stating facts, and under the rule if strictly applied no issue could be founded upon much that the petition relies upon. However, we leave this question for other and more serious difficulties.

Observably the petition is drawn upon the hypothesis, and is so clearly expressed on its face, that it is a suit for the sole and exclusive use and benefit of the plaintiff, Charles Dorrah, as a stockholder in said bank, and is brought by him as such stockholder to require of the individual directors to pay him the value his stock had before the bank's insolvency.

We take the doctrine to be undebatable that where directors of a bank have wrongfully or negligently conducted themselves with reference to the affairs of the bank and the bank has thereby suffered loss, that the corporation is vested with a right of action against the directors, or so many of them as caused the loss for the amount lost by reason of such misconduct or negligence. It may be further agreed that in the event the corporation, after request, refuses to bring such suit, then a stockholder may enforce such cause of action accruing to the corporation, and indeed such suit may be brought by a single stockholder for the corporation in the event the other stockholders refuse to participate in such proceed-

ing.   There is authority for the proposition that where demand to sue would be futile or useless, or where the persons sought to be sued are in control of the bank, no request to sue is necessary.   In case a stockholder's suit is brought, however, it devolves upon such stockholder to allege and prove the facts which would authorize him in his own name to prosecute the cause of action which vested in the corporation and for which the stockholder interposes the suit.   [Stone v. Rottman, 183 Mo. 552, l. c. 571, 82 S. W. 76; Vogeler v. Punch, 205 Mo. 558, 103 S. W. 1001; Bank v. Hill, 148 Mo. 380, 49 S. W. 1012.] And it must be kept in mind that although the stockholder brings the suit, such cause of action undergoes no metamorphosis by reason of the stockholder instituting same rather than the corporation; it remains the same whether brought by the corporation or by a stockholder for the corporation.

Leaving the petition for a moment in order to clarify, some question arises as to whether the proof shows that a demand was made of the officers or corporation to bring this suit in the first instance.   It seems there was no demand made beyond what may be taken from an oral agreement with attorney A. L. Oliver, who represented the bank as counsel generally.   It is very doubtful whether Mr. Oliver possessed the power to waive any rights on the part of the corporation, and it is not entirely clear that the concessions made by Mr. Oliver to counsel for plaintiff were sufficient for the purposes sought to be made of it.   However, we again resolve this dispute on the side of the respondent.

Now, returning to the petition.   After reciting the matters above referred to, the petition concludes with the statement that plaintiff has no adequate remedy at law and hence invokes a court of equity to inquire into the matters pleaded and to render judgment against the individual directors and Tindle, the cashier, in favor of the plaintiff for a definite sum fixed as the value of plaintiff's stock at a time when the bank was in a sound condition.   If it were not for the sentence invoking the court to turn to its equity side nothing would appear in the

petition other than that same attempts to state a cause
of action at law and not in equity. And it requires a some-
what strained view to see the petition in the light of a
bill in equity rather than a petition stating a cause of
action, at law.

The petition charges neither fraud nor embezzle-
ment against the directors, indeed not against any of
the defendants, but states purely and simply that the
plaintiff is vested with the right to recover for the loss
of his fifteen shares of stock worth $2050 because the
Pemiscot County Bank failed through the negligence
and misconduct of the defendant directors.  Consider-
able light is thrown upon the nature of the suit by argu-
mentation of counsel for plaintiff made before the referee
when the taking of testimony began.  The record dis-
closes that Mr. Rosenberger of counsel for plaintiff, in
explaining the nature of the suit to the referee, said in
the course of his address:

"These gentlemen say we cannot obtain any judg-
ment for these stockholders until all the creditors have
been paid. Let's eliminate the Trust Company for a mo-
ment and see. It would be our duty in the first instance to
go to the Pemiscot County Bank and ask them to bring
the suit for these stockholders, not the depositors or the
other creditors, but that by reason of mismanagement
and neglect of duty, the directors have permitted this
stock belonging to the stockholders to become worthless,
the bank refused to bring the suit, and it is made a party
defendant, and that allegation is made in the petition.
If we recover a judgment for the value of our stock, we
recover against these individuals for a violation of duty
that they owed as directors of that institution to us as
stockholders.  We are not interfering with the affairs
of the creditors.  This is an action, under the decisions
of the courts, that the stockholders have against the
directors for mismanagement and violating their trust
duty."

And from colloquy between counsel from time to
time, as shown by the record, the petition at the trial

was understood to be one for the benefit of plaintiff himself and for him individually and alone, and not one to recover for the benefit of the corporation or for any agency standing for all the creditors and stockholders of the bank. This leaves us constrained to hold that the petition does not state a cause of action upon any theory sanctioned by our law. If we turn to the law side and consider the petition from that angle, that is, being a suit by plaintiff against the directors for the value of his stock which was lost by the failure of this bank, then certainly this action cannot stand.

Now, considering the petition as seeking relief through equity, does the plaintiff bring himself within the rule allowing a recovery in this case to the use of the corporation for all the stockholders and creditors generally? We think not. Let us consider the rule as already stated, which is to the effect that where a corporation has suffered loss by reason of the negligence of its directors, that then the right to sue for such loss rests solely in the corporation, and such right does not fall upon stockholders individually to recover for their personal loss. Coupled with this is the proposition that if the corporation refuses to prosecute its cause of action to recover its loss for the mismanagement of its directors, then the stockholders are permitted to sue upon such cause of action which in the first instance belongs to the corporation. Such suit is never one for the benefit of such stockholders suing, but for all of the stockholders and creditors of the corporation. The books contain many cases sustaining this principle.

In Bank v. Hill, supra, l. c. 393, our Supreme Court said:

"The directors having been guilty of negligence in the discharge of their duties by reason of which losses were sustained by the bank, they were liable in an action at law to the corporation while a going concern for losses due to such loans, or to the assignee after the assignment, or in equity to the stockholders, in the event of the declination of the assignee to bring suit."

In Vogeler v. Punch, above cited, our Supreme Court again said, quoting from the early case of Albers v. Merchants Exchange of St. Louis, 45 Mo. App. 1. c. 218:

"It is therefore a settled principle of equity jurisprudence that, before a court of equity will open its doors to a single stockholder, although he comes, as he must, not only on behalf of himself, but also in behalf of all the other stockholders, to an inquiry into grievances of this kind he must show that there is no other road to redress; and he does not show this, unless he shows that all remedies within the corporation itself have been exhausted."

In Porter v. Sabin, 149 U. S. 473, Mr. Justice GRAY for the court says:

"The right to commence a suit against the officers of a corporation for fraudulent misappropriation of its property is a right of the corporation, and it is only when the corporation will not bring the suit that it can be brought by one or more stockholders in behalf of all."

In Continental Securities Co. v. Belmont, 206 N. Y. 7, the court states the rule thus:

"It is conceded that an action in equity cannot be maintained by the plaintiffs as individual stockholders for themselves and all other similarly interested unless it is necessary because of the neglect and refusal of the corporate body to act.

"It is necessary, therefore, in an action by the plaintiffs to set forth two things, first, a cause of action in favor of the corporation with the same detail of facts as would be proper in case the corporation itself had brought the action; second, the facts which entitle the plaintiff to maintain the action in place of the corporation. [Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121; O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46.] . . .

"It is the governing body or bodies of a corporation with power to enforce a remedy to whom complaining stockholders must go with their demand for relief. The governing body of corporations in this State, as we have

seen, is the board of directors. A complaining stockholder must go to such board for relief before he can bring an action, unless it clearly appears by the complaint that such application is useless. If the subject-matter of the stockholder's complaint is for any reason within the immediate control, direction or power of confirmation of the body of stockholders, it should be brought to the attention of such stockholders for action, before an action is commenced by a stockholder unless it clearly appears by the complaint that such application is useless.''

In Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, l. c. 123, it is said:

''The loss of the corporate funds, resulting from the misconduct of the individual defendants, primarily gave a cause of action to the corporation, not to its stockholders, and no stockholder could maintain an action for the loss he had individually suffered in the depreciation of the value of the share stock held by him. [Niles v. N. Y. Central & H. R. R. R. Co., 176 N. Y. 119.]''

Weingreen v. Michelbocher et al., 124 N. Y. Sup. 41, is to this effect:

''This action is a representative action by a stockholder to enjoin certain wrongful acts of the defendants and to compel them to account as officers of the corporation. The Court of Appeals have decided what a complaint in such an action should allege; i. e.: (1) The cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation had brought the action; (2) the facts which entitle the plaintiff to maintain the action in place of the corporation. [Kavanaugh v. Commonwealth Trust Company, 181 N. Y. 121, 73 N. E. 562.]''

Cook, in his work on Corporations, states the rule thus:

''Where, by reason of the negligence of the directors or other officers, the corporate funds, property, or rights have been lost, the injury is practically and ultimately

an injury to the stockholders. But, in the eye of the law, the injury is to the corporation itself. The loss has depleted its treasury. Moreover, the negligent act was in reference to the affairs of the corporation. Accordingly, it is for the corporation to call the directors to an account for their negligence. The action is not one which the stockholder is to bring. The negligence affects him not directly, but indirectly. Hence, the law is well settled that a stockholder cannot bring the ordinary action at law for damages against the corporate directors for their negligence in the management of the corporate affairs. It is clear also that the stockholder cannot hold the corporation itself liable for the negligence herein of its directors. To allow such an action would be to make part of the stockholders liable to other stockholders for the loss, when all are equally injured, equally innocent, and equally in position to complain. The usual and proper remedy is for the corporation itself to institute a suit at law against the guilty directors. If, however, the corporation is under the control of the guilty parties, or if it refuses to sue when requested by stockholders to do so, then the stockholder himself may bring a suit in equity in his own behalf, and in behalf of all other stockholders who may wish to come in, making the corporation and the guilty parties the defendants, and compel them to make good to the corporation the corporate money or property lost by their negligence. The money or property recovered in such an action belongs to the corporation, and not to the stockholder who brings the suit.'' [Cook on Corporations (7 Ed.), Vol. 3, sec. 701.]

Corpus Juris, after collecting a great many cases, states the rule succinctly in the following language:

''The right of action against officers and directors to redress wrongs to the corporation is in the corporation or its representative and not in the stockholders. A suit by a stockholder to redress such wrongs must be in the right of and for the benefit of the corporation;

and it may be instituted only after compliance with conditions precedent.''

Without further citations we hold that no individual right of action rests in a stockholder where the directors of a corporation have caused loss to the corporation through their carelessness and mismanagement. From the record before us, it appears that eight stockholders brought eight different suits against the defendants to recover by piecemeal each for himself the stock owned by such respective plaintiff, and so if that procedure would be countenanced it would be one suit after another, beginning somewhere in the roster of stockholders first come first served, until the litigation of all would run through the courts.

Now, again we say that the only reason a shareholder may resort to a court of equity to require directors of a corporation to respond for carelessness is because the corporation has suffered loss thereby, and when a stockholder sues on such derivative cause of action he sues for the corporation and upon its right. You cannot, as here, split the cause of action into as many parts as there are stockholders and by a multiplicity of suits recover for each. Furthermore, the petition shows that many creditors, the depositors, have lost through this bank failure and they remain unpaid. Are they to stand back in favor of this suit? And the remaining stockholders, are they likewise to be placed to disadvantage? Can this stockholder obtain relief for himself and put aside the superior rights of creditors and leave such depositors unpaid? Obviously not. It may be well to remark that the record shows that the directors here sued owned forty per cent of the stock; the remaining sixty per cent of the stockholders could have controlled any action that these alleged recalcitrant directors refused to bring for the corporation. However, we do not rest this decision on that phase of the case.

Counsel for plaintiff insist that regardless of the prayer for a personal judgment, the court is authorized to decide the whole issues and award complete relief.

This salutory rule in equity practice has its limitations, and to completely reject the petition here and substitute an entirely different theory would be unreasonable and unwarranted.

We have read this long record with care, and it is doubtful whether we could agree with the learned chancellor's conclusion that actionable negligence was shown against the directors. While bank directors must be held to strict account for the failure to exercise that degree of care that the law requires of them in the management of the bank's affairs, yet courts must not be deflected from a calm and dispassionate regard for all the facts and circumstances attendant. When a bank closes its doors because of defalcation of an officer or cashier, strong current public opinion is aroused against the whole management of the bank's affairs, and in determining the conduct of persons in charge of the bank every importunate influence must be pushed aside and the case judged directly right as the facts warrant. A very learned discussion of this matter is contained in an opinion by Mr. Justice Paxson for the Supreme Court of Pennsylvania in Swentzel v. Penn. Bank, 147 Penn. l. c. 149. However, by reason of the view we take of the law, we do not pass upon the facts in the instant case.

Respondent's motion attacking the abstract and to dismiss the appeal is overruled.

We have reached the conclusion that plaintiff has failed to state a cause of action either in law or equity, and accordingly that the cause has proceeded against the principles of law and equity as established by the courts of the land. For that reason the judgment below should be reversed outright. It is so ordered.

*Allen, P. J.,* and *Becker, J.,* concur.