John W. Murphy et al., Appellants, v. Ward L. Candor et al., Appellees.

Gen. No. 8,289.

Opinion filed October 20, 1931.

CLARENCE SHOEMAKER and MARSH, LEWIS & THOMPSON, for appellants; BURRELL B. BARASH, of counsel.

CHURCH & CALIFF and WALTER L. MANNON, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is a suit in equity brought by the appellants against the appellees, in the circuit court of Mercer county, on November 20, 1929. The only assignment of error is the sufficiency of the bill of complaint raised by a general and special demurrer filed to the bill which was sustained by the lower court. On that date the appellants, and name of a person now deceased, which appears as an appellant by his administrator, were stockholders of the Mercer County State Bank, an Illinois corporation conducting a banking business in the City of Aledo, in Mercer county, Illinois. It in nowise appears in the record for what period of time the appellants were such stockholders prior to the filing of the bill, except inferentially from the allegations of the bill. The appellees, including the name of one deceased person, whose executor of his will appears as a defendant and an appellee, were directors of the bank; the bank also appears as a defendant and an appellee.

Expressed in general terms, the purpose of this suit is to secure a money decree, or judgment, against the appellees for their alleged negligence in conducting the affairs of the bank. Before stating the substance of the bill and the reasons urged in support of the general and special demurrer, which would be the usual and logical method of presenting the issues involved, it is deemed advisable to state now that a suit of this character must be brought, prosecuted and maintained for and on behalf of the corporation—in this case, the Mercer County State Bank. The appellants, as stockholders of the corporation are given no right either in law or equity, to sue for, or on their own behalf individually or as a group, for redress against the directors of the corporation for alleged negligence of the latter in the performance of their duties as such directors. The wrong, if any, has been done, in the theory of the law, to the corporation. The stockholders are members of the corporation and they cannot step out

of the corporation and bring an action or suit, either piecemeal or otherwise, to recover damages to them, or because of depreciated value of their shares of stock of the corporation, alleged to be caused by the negligence of the directors of the company. The right of action is in the corporation. This principle of law is well established, salutary and based on sound rules and reasons controlling corporate management and government and as a protection for creditors of the corporation. (*Bruschke v. Der Nord Chicago Schuetzen Verein,* 145 Ill. 433; *Eldred v. Ripley,* 97 Ill. App. 503; *Smith v. Hurd,* 53 Mass. 371; *Brinckerhoff v. Bostwick,* 88 N. Y. 52; *Craig v. Gregg,* 83 Pa. St. 19; *Allen v. Curtis,* 26 Conn. 456; *Evans v. Brandon,* 53 Tex. 56; *Dorrah v. Pemiscot County Bank,* 213 Mo. App. 541, 256 S. W. 560.) The money recovered in such a suit belongs to the corporation and not to the stockholders. *Evans v. Brandon, supra; Dewing v. Perdicaries,* 96 U. S. 193; *Williams v. Neville,* 98 Miss. 268, 53 So. 594; *Smith v. Poor,* 40 Me. 415; *Carter v. Ford Plate Glass Co.,* 85 Ind. 180.

With this principle in mind, we will give attention to the allegations of the bill. We do not purpose to give a summary of all of the allegations contained in the bill, and to avoid confusion and multifariousness in discussion, certain charges in the bill will be first disposed of. The bill alleges that the defendant directors, "failed to direct the cashier of said bank in the management of the bank's assets, thereby causing losses which resulted in its insolvency to the extent of more than $60,000.00." That this purported charge is a mere conclusion of the pleader is obvious, and plainly subject to the special demurrer that the bill lacks particularity of the acts complained of.

The bill also alleges the duty of the directors not to make loans of the funds of the bank "in excess of the limitation fixed by the statute of the State of

Illinois.'' Yet said directors ''negligently, carelessly and recklessly made or permitted by the officers of said bank the making of loans to many and divers persons' where the amount loaned by said bank to the said persons was in excess of the amount that could be loaned by said bank under the laws of the State of Illinois. By reason whereof a loss of $60,000.00 was lost to said bank, and constituted losses to complainants as stockholders of the said bank.'' We are of the opinion that this charge is also a mere conclusion of the pleader. Former section 10 of the Banking Act of this State, Cahill's St. ch. 16a, ¶ 10, and which was in force during the major portion of the time the acts complained of were committed, namely, from 1920 to 1925, specified and defined the conditions and circumstances when a loan of a bank, under the provisions of the section, was excessive. No facts appear in the bill showing the existence of such conditions or circumstances, or a suggestion of them. The bill sets forth not a single transaction from which it appears that the statute had been violated by the directors, or any excuse for not doing so although the appellants as stockholders had access to the books and papers of the corporation. Section 10 then, as now, placed the directors of a bank under heavy liability for making loans which the statute by its terms declares excessive. Certainly no director should be compelled to submit to trial without further information than as set forth in this bill. Before transactions or loans, out of a multitude made in the course of several years, should be called into question, the bill should clearly state the transactions complained of so that he could, with some degree of certainty, prepare for his defense; although the suit may in general ask for an accounting.

As before stated, we shall not set forth the allegations of the bill, *in toto*. It suffices to say that the appellants strongly urge that the bill state a cause of

action against the appellees by its allegations that the said directors made loans to persons, naming them, who were insolvent and not entitled to the credit given them by the appellees; that such persons were notoriously known in Aledo to be insolvent and not entitled to such credit.

The bill states that the bank has been insolvent for many years, indeed, insolvent from shortly after its incorporation in 1920; that in 1923, the capital stock of the bank was reduced from $130,000 to $65,000. Some of the appellants own ½ share, others 2½ shares, etc., up to 10 full shares of stock. The appellants took no interest in the affairs of the bank except to vote for the directors thereof, the appellees herein being at all times a majority of such directors. The appellees live in Mercer county, where the bank conducted its banking business. These facts are striking and have given this court cause for serious reflection. But we let that pass, content with the statement made in the case of *Wallach v. Billings,* 277 Ill. 218, 235, "They," the stockholders of a bank, "have something else to do besides drawing dividends."

The bill alleges that, "Your complainants further represent that on or about December 7, 1925, at the direction of the State Auditor of the State of Illinois and his agents, said defendant Directors were required to pay to said Mercer County State Bank the sum of $60,000.00 by reason of their negligent, careless and inefficient management of said bank, and to enter into a certain agreement with the Aledo State Bank of Aledo, Illinois, for the transfer of the assets of the Mercer County State Bank to the said Aledo State Bank. At the time of said transfer, and a long time prior thereto, the assets of said Mercer County State Bank were largely worthless, and that said Mercer County State Bank at that time, and for a long period of time prior thereto, had been insolvent."

It would seem, therefore, that the only asset of any value which the bank possessed on December 7, 1925, was its right of action against the directors for negligence. To reimburse the bank for that negligence the directors paid into that bank the sum of $60,000 which is the exact amount which the appellants now claim is due the bank for the loss sustained by the bank because of such negligence. These appellees, who own about one-fifth of the capital stock of the bank, now seek a judgment against the directors for another $60,000 for loss to the bank alleged in the bill to be sustained by that negligence. The appellees must show that they are within their rights in an attempt to bring about such a result. In fairness to appellants it should be stated that they brought the suit on behalf of themselves and all other persons similarly situated who care to join in the suit. The amount paid by the directors to the bank for their negligence is almost equal to the total capital stock of the bank. Each stockholder of the bank was liable, for the purpose of raising a fund for creditors of the bank, up to an amount equal to the par value of his stock. Suits against directors for negligence, it is well known, are difficult to successfully maintain; directors are not liable for slight negligence, nor for errors of judgment while acting in good faith; some consideration must be given to the view that directors of banks must not be held to a too high degree of care; otherwise responsible persons will not assume that position. Illegal acts, fraudulent practices, ultra vires acts which cannot be ratified by the majority of the stockholders, or the profiting personally by the directors because of their negligence, are of a different character, and not before this court. We do not attempt to excuse any man for his acts for which the law holds him accountable; the alleged acts of the directors complained of in the bill are not sanctioned by this court and it cannot be said that this court holds that directors of a bank, or any other corporation, can

negligently manage their company and escape liability to the company, and through it, to its stockholders.

The alleged negligent acts of the directors of the bank were *inter vires* not alleged to be fraudulent, illegal, or resulting in personal gain to the directors. That a majority of the stockholders, acting in good faith, could have approved, or now ratify the payment of $60,000 by the directors to the bank in settlement of their liability to the bank for their negligence, seems to us undisputable. (14 C. J. page 850.) As is said in *Venner v. Chicago City Ry. Co.*, 236 Ill. 349: "And in Purdy's Beach on Private Corporations (vol. 2, sec. 681, p. 998) it is said: 'If the thing complained of is a thing which, in substance, the majority of the members are entitled to do, or if something has been done irregularly which the majority are entitled to do regularly, or if something has been done illegally which the majority are entitled to do legally, there can be no use in having a litigation about it, the end of which is only that a meeting has to be called and then ultimately the majority gets its wishes.' " (*Hawes v. Oakland*, 104 U. S. 450.) In *Continental Securities Co. v. Belmont*, 206 N. Y. 7, 99 N. E. 138, it is said: "If the subject matter of the stockholder's complaint is for any reason within the immediate control, direction, or power of confirmation of the body of stockholders, it should be brought to the attention of such stockholders for action, before an action is commenced by a stockholder, unless it clearly appears by the complaint that such application is useless."

There is no allegation in the bill that the payment of $60,000 by the directors to the Mercer County State Bank in payment of their liability for their said negligence was not or is not satisfactory to the majority of the stockholders of the said bank; nor is there an allegation in the bill that the majority of the stockholders of the bank in meeting, or otherwise, have either approved or disapproved of any payment or

settlement, or compromise, of the directors of the bank for their negligence by the payment of the $60,000; no allegation that a meeting of the majority of the stockholders could or could not be called to approve or disapprove of the payment of that sum to discharge the liability of the directors for their liability in that behalf; nor that such a meeting would be useless; no allegation that a majority of the stockholders have acted fraudulently, illegally or oppressively; no allegation that the defendant directors own a majority of the stock. In short, nothing is alleged to indicate that the majority of the stockholders of the bank, who are the ultimate ruling body, do not regard the liability of the directors to the bank discharged by the payment of the $60,000 to the bank. The bill, as it stands, calls upon a court of equity, without the slightest intimation of the will of the majority of the stockholders, no fraud, illegality or *ultra vires* acts being alleged, to interfere with the *inter vires* acts of the corporation. This a court will not do.

The defendants in this case brought their suit in a court of equity, but their cause of action is based upon a tort or negligence of the directors of the bank. The executor of one of the deceased directors is made a party to the suit. The defendants by their demurrer challenged the right of the complainants to maintain their action and claim that there is a misjoinder of parties. At common law, tort actions abated at the death of the tort-feasor and did not survive. The common law rule prevails in this State unless it is otherwise provided for by statute. (*Shedd v. Patterson,* 312 Ill. 371.) We know of no statute that would justify the complainants in making an executor of the estate of one of the alleged joint tort-feasors a party to this action. We think it was proper for the court to sustain the demurrer to the bill on that ground.

This suit is based solely upon the right of a stockholder in a defunct bank to sue the directors for the

fraudulent management of the same. An entirely different situation exists in reference to depositors and other creditors of the bank. They should, and do, have a right of action against the directors and officers of a bank for their negligence and fraudulent use of the funds intrusted to them if a loss has been incurred to such creditors and depositors by such negligence.

The bill does not show that the appellees are within their rights in bringing this suit and they have not shown any right on their part to bring this suit on behalf of the corporation. The demurrer, according to legal principles, and we believe with justice, was correctly sustained. Judgment of lower court affirmed.

*Affirmed.*