Slattery v. The St. L. & N. O. Transportation Co.

SLATTERY *et al.*, *Plaintiffs in Error*, v. THE ST. LOUIS AND NEW ORLEANS TRANSPORTATION COMPANY *et al.*

1.  **Corporation**: WRONGFUL ACTS OF OFFICERS: WHERE CORPORA-
    TION WILL NOT SUE: ACTION BY STOCKHOLDER. Where a cause of
    action exists primarily in behalf of a corporation against direc-
    tors and others for wrongful dealing with the corporate property
    or wrongful exercise of corporate franchises, so that the remedy
    should regularly be obtained through a suit by, and in the name of,
    the corporation, and the corporation either actually or virtually
    refuses to institute or prosecute the suit, then, in order to prevent
    a failure of justice, an action may be brought and maintained by a
    stockholder or stockholders.

2.  ——— : ——— : ——— : ———. The suit, however, by the stock-
    holders, must be primarily against the defaulting directors or
    officers. If other parties have participated with the defaulting
    officers, they may be joined with them as defendants and held to
    their just responsibility, and property of the corporation may be
    followed into their hands.

3.  ——— : LIABILITY FOR DEBTS OF ANOTHER CORPORATION. The
    petition in this case held to state a cause of action against one
    of the defendants, a transportation company, for the debts of a
    co-defendant, the old transportation company, at least to the extent
    of the value of all the property received by the former from the
    old company.

*Appeal from St. Louis City Circuit Court.*—HON. A.
M. THAYER, Judge.

AFFIRMED.

*Dyer, Lee & Ellis* for plaintiffs in error.

(1)  It is a favorite doctrine of the American courts
that the property of a corporation is to be deemed a
trust fund for the payment of the debts of the corpora-
tion, so that the creditors have a lien on it in preference

to any of the stockholders of the corporation. Thomp. Stock., sec. 10 and cit. And a creditor may follow this trust fund into the hands of every one, except a *bona fide* purchaser for value, and fastening a trust upon it may subject it to the payment of the corporation debts. *Wood v. Dummer*, 3 Mason's Cir. Ct. 308; *Union Nat. Bank v. Douglass*, 1 McCrary, 86; *Railroad v. Howard*, 7 Wall. 392. The Mississippi Valley Transportation Company took the property of the New Orleans Transportation Company, charged with the debts of the former company. *Hibernia Ins. Co. v. St. L. & N. O. Transp. Co.*, 10 Fed. Rep. 596; 13 Fed. Rep. 516; *Fogg v. Receiver*, 17 Fed. Rep. 871; s. c., 5 McCrary, 449; *Brum v. Insurance Co.*, 16 Fed. Rep. 140; *Railroad v. Boring*, 51 Ga. 582–7; *Dean v. LaMotte Lead Co.*, 59 Mo. 523; *Town of Reading v. Wedder*, 66 Ill. 80; *Charitable Society v. Episcopal Church*, 1 Pick. 371–4; Boone Corp., sec. 209; *Railroad v. Bee et al.*, 48 Cal. 398, 405; *Miners Ditch Co. v. Zellerback*, 37 Cal. 543; *City of St. Louis v. Gas Light Co.*, 70 Mo. 98; *Hastings v. Drew*, 50 How. Pr. 254; *Railroad v. Evans*, 6 Heisk. 607; *Thompson v. Abbott*, 61 Mo. 176. (2) When the creditor corporation refused to assert the corporate rights and collect and preserve the only property of the company, the stockholders might, in the right of the corporation, proceed in equity with the claim against the debtor and their own corporation as joint defendants. 2 Perry Trusts [2 Ed.] sec. 845, p. 477; *Eager v. Burnes*, 21 Beav. 579; 3 Pom. Eq. Jur. sec. 1095, and notes; *Insurance Co. v. St. L. & N. O. Transp. Co.*, 14 Fed. Rep. 610; *Brewer v. Boston Theatre*, 104 Mass. 399; *Robinson v. Smith*, 3 Paige, 222; *Peabody v. Flint*, 6 Allen, 52; *Atwood v. Merriweather*, Eng. L. R. 5 Eq. Cas. 464, note; *Memphis v. Dean*, 8 Wall. 73; *Pond v. Railroad*, 12 Blatchf. 280. And this standing in the court of equity is accorded a stockholder, either against wrong-doing directors or other

debtors of the corporation. *Detroit v. Dean*, 106 U. S. 537; *Hawes v. Oakland*, 104 U. S. 450; Pomeroy's Eq. Jur., 13, and note. (3) The right of stockholders to proceed against their wrong-doing directors for fraudulently colluding with the debtor of such corporation and refusing to collect such debt, and for abandoning the only corporate asset, is no bar to the right of such stockholders to follow the property of such debtor corporation, and to fasten upon it as a charge the debt, in fraud of which such property has been conveyed. It does not lie in the mouth of such conniving debtor to say to the stockholders, your only remedy is against your directors for fraud. *Barr v. Cubbage*, 52 Mo. 404; *Berthof v. Quinlan*, 68 Ill. 297; Wharton's Agency, sec. 417, *et seq.;* Story's Agency [9 Ed.] secs. 229–30. (4) Even if the stockholders were to pursue the wrong-doing directors, the remedy would be in equity. *Brewer v. Boston Theater*, 104 Mass. 399; *Greaves v. Gage*, 69 N. Y. 154; 3 Pom. Eq. Jur., sec. 1094, note 1; *Horner v. Henning*, 93 U. S. 228–232; *Buchanan v. Boston Iron Co.*, 3 Bradw. 191; *Buchanan v. Low*, 3 Bradw. 202. It follows that the stockholders' remedy against these directors being in equity, they are not thereby barred from pursuing another equitable remedy against the trust fund. (5) As the stockholders must in any event go into equity with their complaint, it also follows, "when a court of equity once acquires jurisdiction of a cause it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits, by doing full, adequate, and complete justice between the parties. It will not content itself in this regard by any halfway measures; it will not declare that a party has been defrauded of his rights, and then dismiss him with a bland permission to assert, at new cost and further delay, those rights in another forum." *Real Estate Savings Inst. v. Collonious*, 63 Mo. 295; *Corby v. Bean*, 44 Mo. 379; *Rozier v. Griffith*, 31 Mo. 171; *Keeton v. Sprading,*

13 Mo. 321; *Primm v. Raboteau,* 56 Mo. 407; *McDaniel v. Lee,* 37 Mo. 204; *Dameron v. Jamison,* 71 Mo. 97, 100; *Evans v. Railroad,* 64 Mo. 462. And the fact that a moneyed judgment is asked for in an equity case, and is indispensable in ascertaining the rights of the parties, will not oust the court of equity jurisdiction. *Alexander v. Relfe,* 74 Mo. 520; *Barnes v. McMullins,* 78 Mo. 272; *Baile v. Insurance Co.,* 73 Mo. 384; *Real Estate Savings Inst. v. Collonious,* 63 Mo. 290. (6) The plaintiff's bill is not multifarious. A series of transactions tending to one common end, or all necessary to plaintiff's equity, do not constitute multifariousness. *McGlothen v. Henery,* 44 Mo. 350; *Bobb v. Bobb,* 76 Mo. 419. (7) The only theory upon which the plaintiff's bill is demurrable, in equity, is because these stockholders may, in the right of their company, have a money judgment at law against the New Orleans Transportation Company. The petition must, therefore, be good at law against the latter company, and its demurrer should have been overruled. Under the code practice, "a suit should never be dismissed on the ground that a court of equity has no jurisdiction of the matter because the plaintiff has an adequate remedy at law; it should be retained and decided as an action at law, and the adequate legal relief should be awarded." 1 Pom. Eq. Jur., sec. 358. The point cannot be urged here that there is a defect of parties defendant in omitting to join the wrong-doing directors as parties defendant. No such ground for demurrer is assigned. *Hicks v. Jackson,* 85 Mo. 283.

*Given Campbell* for defendants in error.

(1) Plaintiffs' petition is, in effect, a creditor's bill on behalf of the Foreign Dispatch Company. 3 Pomeroy's Eq., sec. 1091. It will not lie in this case. The creditor must first establish his claim at law; his claim

is not certain and he, therefore, cannot be heard to charge fraud on his debtor until it is first ascertained that he is a creditor. *Crim v. Walker*, 79 Mo. 335; *Martin v. Michael*, 23 Mo. 56; *Dodd, Brown & Co. v. Levy*, 10 Mo. App. 121; *Parmelee v. Egan*, 7 Paige, 610; *Grosvenor v. Allen*, 9 Paige, 74; *Farnham v. Campbell*, 10 Paige, 598; *Sturges v. Vanderbilt*, 73 N. Y. 385; *Howe v. Whitney*, 66 Maine, 17; *Smith v. Railroad*, 99 U. S. 398; *Case v. Beauregard*, 99 U. S. 119; *Blake v. Kunkle*, 10 Yerger, 218; 1 C. E. Greene, 213, 216; Morawetz Corp., secs. 583, 585. (2) Neither the Dispatch Company, nor can its stockholders, pursue defendants, in equity, until they have exhausted their legal remedies, nor is a court of chancery the forum in which to collect ordinary debts. *Howe v. Whitney*, 66 Maine, 17; *Wiggins v. Armstrong*, 2 Johns. Ch. 114; *In re Smith, Knight & Co.*, 4 Ch. App. Cases, 671; *Turner v. Adams*, 46 Mo. 99; *Merry v. Freeman*, 44 Mo. 518; *Allnut v. Leper*, 48 Mo. 319; *Pendleton v. Perkins* 49 Mo. 565. (3) The distinction between law and equity exists in Missouri under the code. *Bliss v. Pritchard*, 67 Mo. 181; *Kelly v. Hurt*, 74 Mo. 561, 567; *Turner v. Adams*, 46 Mo. 99, and cases cited under point 2. (4) Upon the allegations in the petition plaintiffs could sue the directors in an action at law and recover damages. *Greaves v. Gage*, 69 N. Y. 154; *Allen v. Railroad*, 49 How. Pr. 14; *Carpenter v. Roberts*, 56 How. Pr. 216; R. S., secs. 948, 949, 950. Or they could proceed against them and have them removed, and have a receiver appointed for the Dispatch Company, who would bring an action at law if the court thought that there was any cause of action. R. S. Mo., sec. 948, *et seq.* (5) Shareholders have no right to go into a court of equity with questions of policy as to the management of the internal affairs of the company. *Foss v. Hartbattle*, 2 Hare, 461; Thompson Liability of Officers in Corp. 338, 339; *Dempfell v. Railroad*, 110 U. S. 209. (6) The

petition does not state facts to show that any lien exists upon any property held by the St. Louis & Mississippi Valley Transportation Company. *Dodsley v. Varley*, 12 Adol. & El. 623 ; *Pinch v. Anthony*, 8 Allen, 436 ; 2 Story's Eq., p. 480, sec. 31.

BLACK, J.—This case is here from a judgment sustaining separate demurrers to the petition. The defendants are the St. Louis, New Orleans & Foreign Dispatch Company ; the St. Louis and New Orleans Transportation Company, known as the Transportation Company, and the St. Louis & Mississippi Valley Transportation Company. The plaintiffs are three of the shareholders in the Dispatch Company, and they own three hundred and thirty of the one thousand shares of stock. The Dispatch Company was organized for the purpose of soliciting freight and making contracts for the transportation of the same by means and through the agency of inland and ocean carriers. It issues through bills of lading, but is not a carrier. At the dates hereafter named the Transportation Company was engaged in moving merchandise upon the Mississippi river. On the fifth of March, 1881, these two corporations made a written contract to continue for five years, whereby the Dispatch Company agreed to open offices and appoint agents to solicit business and make contracts at St.. Louis and New Orleans, in the United States, and at Liverpool, England, and at such other places as might be agreed upon. For the freight received and turned over by the Dispatch Company to the Transportation Company, the latter agreed to pay the former ten per centum of the amount by it earned and charged for the carriage of the merchandise over its own line.

The petition proceeds to state that the Dispatch Company, pursuant to the contract, established agencies in the United States and foreign countries, at an outlay of twenty-five thousand dollars, made contracts for, and

turned over to, the Transportation Company, a vast amount of tonnage; that, in December, 1881, the members of the Transportation Company, and other persons not named, organized the St. Louis & Mississippi Valley Transportation Company, with a capital stock of two million dollars; that, thereupon, the old Transportation Company turned all of its boats, barges, elevators, and other property over to the new corporation, for which the latter issued to the members of the former one million dollars of paid-up stock; that the new corporation succeeded to the rights, property, business, and good will of the old one; and that the old Transportation Company is insolvent. It is also stated that the new company was organized, and the property of the old one turned over to it, in pursuance of a conspiracy between the members of the old company and other persons to dissolve the old company, and to thereby evade and escape the duties and obligations arising out of the contract with the Dispatch Company; that the new company, which is the old one under another name, refused to carry out the contract, and refuses to pay the commissions due under it; that ten per cent. of the amount charged and earned by the Transportation Company and its successor for carrying the freight called for by the contract has been, and will be, three hundred thousand dollars; and that this amount, with the twenty-five thousand dollars, is the amount in which the Dispatch Company has been damaged by the breach of the contract.

Plaintiffs sue for themselves and all other stockholders, and state that more than a year previous to the commencement of this suit, the stockholders, by resolution, instructed the directors to commence a suit in the name of the company to vindicate their rights, which they refused to do; that the present officers obtained a majority of the stock for the purpose of preventing the corporation from asserting its rights;

that the managing directors refuse to bring the suit, but have conspired with the other defendants to surrender all rights of the Dispatch Company arising from the contract. The prayer is for the recovery of the damages, and that the property of the new corporation, received from the old one, be declared a trust fund for the payment of the same, the appointment of a receiver, and for general relief.

The demurrers present the question whether these plaintiffs can maintain this suit. It is to be observed, at the outset, that the directors who refuse to bring the suit are not made defendants. It is not a suit to require any of the officers to account for their maladministration of the affairs of the company. It is an effort by the plaintiffs, as stockholders, in their own names, to collect damages due to the Dispatch Company from the Transportation Company, arising from a breach of a contract—a contract which had been made in the legitimate conduct of the affairs of the two corporations. The cause of action accrued to the corporation, and not to the shareholders ; and the general rule undoubtedly is, that all such suits must be brought by, and in the name of, the corporation. The question, then, is, whether this case comes within any of the exceptions to that rule, for there are exceptions as well established as the rule itself.

The vice-chancellor, in *Foss v. Harbottle*, 2 Hare, 492, so often cited, after speaking of the general rule, made these remarks : "If a case should arise of injury to a corporation by some of its members, for which no adequate remedy remained, except that of a suit by individual corporators in their private characters, and asking, in such character, the protection of those rights to which, in their corporate character, they were entitled, I cannot but think that the principle so forcibly laid by Lord Cottenham in *Wallworth v. Holt*, 4 Myl. & Cr. 635, and other cases, would apply, and the claims

of justice could be found superior to any difficulties arising out of technical rules respecting the mode in which corporations are required to sue."

Where there has been a waste, or misapplication, of corporate funds by the officers or agents of the company, a suit in equity may be brought by the corporation to compel them to account for the waste, or misapplication. "But, as a court of equity never permits a wrong to go unredressed, merely for the sake of form, if it appear that the directors of a corporation refuse, in such case, to prosecute, by collusion with those who had made themselves answerable by their negligence or fraud, or if the corporation is still under the control of those who must be the defendants in the suit, the stockholders, who are the real parties in interest, will be permitted to file a bill in their own names, making the corporation a party defendant." Ang. & Ames Corp. [11 Ed.] sec. 312.

Mr. Pomeroy, in his work on Equity Jurisprudence, section 1095, states the rule as follows : " Wherever a cause of action exists primarily in behalf of the corporation, against directors, officers, and others, for wrongful dealing with corporate property, or wrongful exercise of corporate franchises, so that the remedy should regularly be obtained through a suit by, and in the name of, the corporation, and the corporation, either actually or virtually, refuses to institute, or prosecute, such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder, or stockholders."

These principles of equity jurisprudence have been well considered, and applied in a number of adjudicated cases. The following are some of them : *Brewer v. Boston Theatre*, 104 Mass. 378 ; *Peabody v. Flint*, 6 Allen, 52 ; *Robinson v. Smith*, 3 Paige, 222 ; *Pond v. Railroad*, 12 Blatchf. 280 ; *Detroit v. Dean*, 106 U. S. 537 ; *Hawes v. Oakland*, 104 U. S. 450. The relief awarded is often of a preventive character, and, in

many cases, the officers have been required to account for a breach of the trust reposed in them, and for the misapplication of the funds and property of the company. If other parties have participated with the officers in such proceedings, they may be joined as defendants, and held to their just responsibility; and property of the company may be followed into their hands. *Peabody v. Flint, supra; Russell v. Wakefield Waterworks Co.,* L. R. 20 Eq. 474.

But, in all these cases, the defaulting directors, or officers, were made defendants, and the suits were primarily against them. That the suit must be primarily against them, is also the deduction to be made from the above extracts from the text books. The relief, when awarded against other persons, flows incidentally from their complicity with the officers in the wrong complained of. No officers of the plaintiffs' corporation are parties to this suit. It is simply a suit against the debtor company only, to collect a debt or damages due to the Dispatch Company, and we do not understand that a suit for such a purpose only comes within the exceptions of the general rule before stated. If these managing officers were sued for the abuse of the trust imposed upon them as officers, they might possibly assign a good reason why the suit should not be brought, and why the affairs of the corporation should not be taken out of their hands. They are the proper persons to show, if they can, why the management of the affairs of the company should not be taken out of their hands, as must be done to sustain this suit.

The case specially cited by the plaintiffs, as giving them a right to prosecute this suit, is that of *Hawes v. Oakland,* 104 U. S. 450. There a stockholder filed his bill against his company, the directors thereof, and the city. The complaint was that the city demanded, without compensation, water for certain municipal purposes, to which demand the company yielded, to the great loss

of the company, the complainant, and the other stockholders. The conclusion is there reached that, in the state courts, the right of a stockholder to sue, in cases where the corporation is the proper party to bring the suit, is limited to cases where the directors are guilty of a fraud, or a breach of trust, or are proceeding *ultra vires*. The enumeration of the different cases there made, in which such suits may be brought, certainly does not include the one in hand. Mr. Justice Miller, who prepared that opinion, refers to *Samuel v. Holliday*, Woolw. 418, where, after reviewing *Dodge v. Woolsey*, 18 Howard, 331, he says: " But no case is cited, nor does any *dictum* in that opinion go to the length of asserting that when a corporation has been injured by a tort, or a breach of a contract, or has any right of action, legal or equitable, against a party, an individual stockholder can come into court and prosecute that cause of action, because the corporation fails or refuses to do so." These authorities are in entire accord with, and in confirmation of, the conclusion before stated.

If the matters stated in the petition are true, the plaintiffs have a complete remedy under sections 948-9, Revised Statutes, and when a receiver is appointed that officer of the court will stand invested with authority to sue for all demands and debts due to the company. This result renders it useless to discuss the other questions raised by the demurrers. We may say, in conclusion, that we are all agreed that, from the statements of the petition, the new Transportation Company is liable for the debts of the old Transportation Company; certainly, to the full extent of the value of all of the property received from the old company.

The judgment of the circuit court is, therefore, affirmed without prejudice. All concur.