C. D. CALDWELL ET AL., Appellants, v. C. F. EUBANKS ET AL.—30 S. W. (2d) 976.

Division One, September 4, 1930.

*Roy McKittrick* and *P. M. Marr* for appellants.

*U. A. House, Kitt & Marshall, M. D. Campbell* and *John Campbell* for respondents.

FRANK, J.—This action was brought by appellants as stockholders of the Milan Bank to recover from the individual defendants the value of their stock in said bank, upon the ground that the bank became insolvent and the stock worthless through the alleged carelessness and negligence of said defendants while acting as directors of said bank.

The suit was instituted in the Circuit Court of Sullivan County on May 11, 1925. On May 8, 1926, the venue of said cause was changed to the Circuit Court of Carroll County. On July 29, 1927, plaintiffs filed their third amended petition, to which a demurrer was sustained and judgment rendered for defendants on October 6, 1927, and plaintiffs appealed.

The petition alleges, in substance, the following facts: That the Milan Bank was a banking corporation organized under the laws of Missouri and was engaged in a general banking business in Milan, Missouri. On May 12, 1920, this bank was insolvent and its business and property was placed in charge of the State Finance Commissioner; that on May 25, 1920, the Milan State Bank was organized and took

over the business and property of the Milan Bank; that at the times in question, defendants were the duly elected, qualified and acting directors of the Milan Bank, and plaintiffs at said times were owners and holders of stock in said Milan Bank and brought this suit for the benefit of themselves and all other stockholders of said bank; that defendants constituted a majority of the board of directors and they together with their friends and relatives held and controlled a majority of the stock of said bank; that defendants as directors of said Milan Bank failed to bring this or any other suit on behalf of said bank or protect the interest of plaintiff and other stockholders therein.

That the last certified statement made by the officers of the Milan Bank prior to May 12, 1920, the statement made by them on the day said bank closed and the statement made by them at the time the assets of said bank were taken over by the Milan State Bank, all showed that the capital stock, surplus and undivided profits totaled the sum of $62,549.84.

That plaintiffs owned forty-five and defendants owned eighty-nine of the three hundred and fifty shares of the capital stock of said bank and the remainder of said stock was owned by other persons whose names appear in the petition.

The petition also alleges facts which, if true, would authorize a finding that the bank became indebted in large sums of money and was rendered hopelessly insolvent long prior to May 12, 1920, by the carelessness and negligence of defendants as directors of said bank, and that defendants at said times knew the bank was insolvent but fraudulently concealed that fact from plaintiffs and the creditors of said bank who had no knowledge thereof until after the bank closed. As we view the case, it is not necessary to determine the sufficiency of the petition in these respects; therefore, we will not burden our opinion with a reproduction or discussion of the pleaded facts touching the alleged negligent and fraudulent acts of defendants.

The petition further alleges "that said Milan Bank has no property or assets out of which plaintiffs and others as stockholders thereof can recover the said shares of stock."

The prayer of the petition is that defendants be compelled to account to plaintiffs and other stockholders similarly situated, for the loss of their capital stock, surplus and undivided profits in the sum of $62,549.84, and that said sum be paid to the stockholders in proportion to the number of shares held by each stockholder, and for such other and further relief as might seem to the court just and proper.

Defendants demurred to the petition on the following grounds:

"1. That the court has no jurisdiction of the persons of these defendants.

"2. That the court has no jurisdiction of the subject-matter of the action.

"3. That plaintiffs have no capacity to sue in this action.

"4. That there is a defect of parties plaintiff.

"5. That there is a defect of parties defendant.

"6. That several causes of action have been improperly united in said petition.

"7. That the petition does not state facts sufficient to constitute a cause of action.

"8. That these parties defendant are not necessary parties to a complete determination of the action.

"9. That the alleged cause of action mentioned in the petition did not accrue within five years before the commencement of this action and that the plaintiffs are precluded and estopped from maintaining this suit by the provision of Section 1317 of Revised Statutes of Missouri of 1919."

The demurrer was sustained and judgment was rendered in favor of defendants. Plaintiffs appealed.

Respondent contends that the demurrer was properly sustained (1) because the cause of action attempted to be stated in the petition was in the bank and not in the stockholders, and (2) because it does not appear from the petition that plaintiffs made any effort to induce corporate action before bringing the suit for themselves.

Directors of a corporation are liable for losses occasioned by their negligence in the management of the business and affairs of the corporation, but the cause of action for such negligence accrues to the corporation and not to the stockholders. [Bank v. Hill, 148 Mo. 380, 393, 49 S. W. 1012; Utley v. Hill, 155 Mo. 232, 259, 55 S. W. 1091; Dorrah v. Bank, 213 Mo. App. 541, 256 S. W. 560.] The general rule is that suits to enforce a liability to a corporation must be brought by, and in the name of the corporation. [Hannerty v. The Standard Theater Co., 109 Mo. 297, 305, 19 S. W. 82.] But there are exceptions to this general rule. One exception to the rule has been so well stated by this court in Vogeler v. Punch, 205 Mo. 558, 575-6, 103 S. W. 1001, that we cannot do better than to restate it here:

" 'Exceptions to this rule have been recognized, where the circumstances are such that the action cannot be brought in the corporate name. Such an exception generally arises in cases where the directors, who are guilty of the breach of trust, own or control a majority of the shares, so that they can perpetuate themselves in power, keep control of the corporation, and defy the minority. In such cases the minority would be remediless, if the courts of equity did not open their doors to them. But courts of equity cannot assume the management of all the corporations in the country; and,

if they were to open their doors to every dissatisfied or dissenting stockholder, in cases where he should fail to disclose facts making it clear that no redress could be had through regular corporate action, litigation of this kind would be endless; . . . It is, therefore, a settled principle of equity jurisprudence that, before a court of equity will open its doors to a single stockholder, although he comes, as he must, not only on behalf of himself but also in behalf of all the other stockholders, to an inquiry into grievances of this kind, he must show that there is no other road to redress; and he does not show this, unless he shows that all remedies within the cor, poration itself have been exhausted.' The same rule is announced in Bulkley v. Big Muddy Iron Co., 77 Mo. 105, and Slattery v. Trans. Co., 91 Mo. 217.

"In order to maintain this action it devolved upon plaintiff to allege and prove that the corporation had refused to sue, or that the defendant, Punch, was in control of the corporation.

"In Hawes v. Oakland, 104 U. S. 1. c. 460, it is said: 'But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it. The efforts to induce such action as complainant desires on the part of the directors, and of the shareholders when that is necessary, and the cause of failure in these efforts should be stated with particularity.' "

Other cases to the same effect are Hall v. O'Reilly Realty & Inv, Co., 306 Mo. 182, 196, 267 S. W. 407; Loomis v. Railway, 165 Mo. 469, 487, 65 S. W. 962; Albers v. Merchants Exchange, 45 Mo. App. 206; Blades v. Mercantile Co., 154 Mo. App. 350, 134 S. W. 579; Hingston v. Montgomery, 121 Mo. App. 451, 97 S. W. 202.

This suit was brought by five stockholders for the benefit of themselves and all other stockholders of the bank to recover the value of their stock on the alleged ground that such stock was rendered worthless by the negligence of defendants while acting as directors of said bank. The cause of action attempted to be stated belonged to the bank and the stockholders would not be authorized to prosecute such action until they first exhausted all remedies within the corporation,

unless the facts were such that it would be futile for them to make any effort to obtain relief through corporate channels. The petition, in order to state a cause of action, should show that plaintiffs, in good faith, attempted to obtain relief within the corporation or state facts showing that such an attempt would be useless.

The petition does not state that plaintiffs requested the directors to institute an action to obtain the relief which they now seek for themselves, but we do not regard the petition as fatally defective for want of such an allegation, because it appears from the facts alleged that such a request would not have served any useful purpose. The petition alleges that defendants constituted a majority of the board of directors at all the times in question. A request that the directors sue themselves would have been useless, and besides, the court would not permit them to conduct litigation against themselves even if they were willing to do so. [Hall v. O'Reilly Realty & Inv. Co., 306 Mo. 182, 196, 267 S. W. 407.] The fact that defendants constituted a majority of the board of directors brings the case within the exception to the general rule which requires stockholders to request corporate action by the directors before bringing the action themselves.

However, a request to the directors to bring the proper action is not the only method by which a stockholder may request corporate action. In cases where a stockholder fails to obtain corporate action through the board of directors, the general rule is that he should seek such action by the stockholders as a body, unless the facts be such that he could not do so, or it would be unreasonable or useless to require it. In cases where the directors own a majority of the stock, a request that the stockholders sue the directors would be a request that they sue themselves, a thing the law does not require or permit. [Hall v. O'Reilly Realty & Inv. Co., supra.] But such is not the situation in this case. Here the defendants owned only 89 of the 350 shares of the stock. Defendants did not own a majority of the stock. Therefore it cannot be said that a request to the stockholders to bring the suit would have been a useless request. In that situation it was plaintiffs' duty to request the stockholders to bring the suit. They had no authority or right to bring the suit themselves without first exhausting all remedies within the corporation, which included a request that the stockholders bring the suit. [Vogeler v. Punch, and other cases, supra.]

Plaintiffs' petition does not allege that they requested the stockholders to bring this or any other action, or that they took any steps whatever to induce corporate action through the stockholders, and no facts are alleged tending to show why they did not do so. They attempted to state a case where they would not be required to appeal to the stockholders for redress, by alleging that "said directors,

their relatives and friends held and controlled a majority of the stock of said Milan Bank." That is not an allegation that the directors either held or controlled a majority of the stock. No facts are stated from which a court could determine whether the directors controlled a majority of the stock. From that allegation it could be as readily inferred that the relatives or friends controlled the directors' stock as that the directors controlled the stock held by their relatives and friends.

It does not appear from the petition that plaintiff exhausted all the remedies within the corporation before bringing the suit themselves, and no facts are stated tending to show why they did not do so. For this reason the petition did not state a cause of action. [Authorities supra.]

There is another reason why the demurrer to the petition was properly sustained. The stockholders are not entitled to recover for losses occasioned by the alleged negligence of the directors in the management of the affairs of the bank. The cause of action for losses due to such alleged negligence accrued to the bank, and for that reason the suit, although brought by stockholders, should have been brought for the benefit of the bank and not for the benefit of the stockholders. [Dorrah v. Pemiscot County Bank, 213 Mo. App. 541, 553, 256 S. W. 560.]

This suit was brought by five stockholders. They expressly allege in the petition that the suit is brought for the benefit of themselves and all other stockholders of the bank. The petition contains the further allegation *"that the said Milan Bank has no property or assets out of which the plaintiffs and others as stockholders thereof can recover the value of the said shares of stock."* This latter allegation characterizes the suit as one for the benefit of the stockholders. The reasonable inference to be drawn from this allegation is that the stockholders are seeking to recover the value of their stock for themselves and they brought the suit against the directors because the bank had no assets out of which they could recover the value of their stock. The prayer of the petition is that the amount recovered be paid to the several stockholders in proportion to the number of shares held by each.

Appellants make the contention that although the petition prays that the amount recovered be paid to the stockholders, the prayer should be disregarded and the plaintiffs granted the relief to which they would be entitled on the facts stated in the petition.

It is true that the prayer is no part of the petition and may be disregarded in determining what relief, if any, is authorized by the petition. As said in Barnett v. Ground, 263 S. W. l. c. 840, "whether plaintiff was entitled to all or any of the relief prayed for does not matter, provided he was entitled to some relief on the facts stated."

194

Plaintiffs are entitled to and will be given the benefit of this rule in determining the sufficiency of the petition. Disregarding the prayer and turning to the body of the petition, we find that they are not entitled to any relief on the facts stated.

For reasons heretofore stated, it clearly appears from the facts alleged in the petition that the suit was brought for the benefit of the stockholders and not for the benefit of the bank. Stockholders are not entitled to recover for themselves on a cause of action which belongs to the bank, and the court would not be authorized to grant the bank any relief in a suit that was not brought by the bank or for its benefit.

We will say in passing, that if plaintiffs had alleged in the petition that the suit was brought for the benefit of the bank, still no recovery could be had, for the reason that they had no authority to either bring or maintain a suit for the benefit of the bank because of their failure to make any effort to obtain relief within the corporation. Courts will not lend a listening ear to dissatisfied stockholders and permit them to maintain a suit for the benefit of the corporation unless they show that they have exhausted all remedies within the corporation or furnish some valid reason why they have not done so. No such showing is made in plaintiffs' petition.

Other reasons are advanced by respondents in support of the trial court's action in sustaining the demurrer to the petition, but we deem it unnecessary to discuss them.

For reasons given, the judgment of the trial court should be and is affirmed. All concur.