George GUNN, Jr., and Wilma C. Reinicke, Plaintiffs,

v.

Dale H. VOSS, Sr., Warren Voss and Wyton Oil & Gas Company, a Corporation, Defendants.

Civ. No. 4086.

United States District Court
D. Wyoming.

Sept. 9, 1957.

J. Kenneth Brody of Bogle, Bogle & Gates, Seattle, Wash., and Carleton A. Lathrop of Cheyenne, Wyo., for plaintiffs.

W. J. Wehrli, Casper, Wyo., and Edward S. Halsey, Newcastle, Wyo., for defendants.

KERR, District Judge.

This is a minority stockholders action instituted under the provisions of Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., by two stockholders of the Wyton Oil and Gas Company, a corporation.

The complaint avers that George Gunn, Jr., is the beneficial owner and Wilma C. Reinicke is the owner of 100 shares of common stock of Wyton Oil and Gas Company. The parties agreed during the argument on the motions to dismiss that the total shares issued and outstanding comprise 2,120,000 shares.

The defendants have moved to dismiss principally for noncompliance with the requirements contained in the final sentence of Rule 23(b) that the complaint "set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as" plaintiffs desire and the reasons for their "failure to obtain such action or the reasons for not making such effort".

The only efforts put forth by plaintiffs as disclosed by the complaint in an attempt to comply with Rule 23(b) is alleged, as follows:

"By a letter dated March 7, 1957, the plaintiffs informed each of the directors of Wyton of the facts hereinabove set forth, and requested the investigation thereof. By a letter dated March 13, 1957, the President of Wyton stated that no investigation would be undertaken at the present time. By a letter dated March 22, 1957, addressed to the President of Wyton, with copies to each of the Directors, the plaintiffs requested that action be instituted upon the facts set forth in this cause of action. The President and Directors of Wyton have failed, refused and neglected to take any action thereon."

The cases are uniform in holding that there must be a request that the stockholders as a body sue the directors, or that an action be brought for their benefit before an individual stockholder can bring an action in the interest of the corporation, unless the request would be useless and unavailing. It is a general principle of law followed by all courts that an individual stockholder must exhaust all means of redress within the corporation before bringing an action in the interest of the corporation. See, Caldwell v. Eubanks, 326 Mo. 185, 30 S. W.2d 976, 72 A.L.R. 621, page 628, and numerous cases cited. The question for decision is "Have the plaintiffs met this requirement?".

The Supreme Court of Wyoming has held that in the absence of fraud the fact that a difference of opinion may have existed between the majority and minority stockholders would not justify an interference by a court of equity. Smith v. Stone, 21 Wyo. 62, 128 P. 612. In that case the Supreme Court of Wyoming, supra, approved the doctrine laid down in the case of North American Land & Timber Co. v. Watkins, 5 Cir., 109 F. 101, and quoted from it as follows [21 Wyo. 91, 128 P. 619]:

"'It is a general rule that courts of equity will not interfere in questions of corporate management or policy. They are reluctant to undertake the management of private corporations, and, in the absence of fraud, usurpation, or gross negligence or mismanagement equivalent to fraud, they generally refuse to interfere, and allow the majority of the stockholders to rule, leaving dissatisfied stockholders to redress their grievances by ordinary corporate methods.' And again: '*When the management is not shown to be fraudulent or dishonest, and when it is a matter of opinion whether it is wise or unwise, advantageous or disadvantageous, if the acts complained of be intra vires, there is no authority for equity to interfere. To do so would be to place the control indirectly in the hands of the minority whenever interference removes from control the officers selected by the majority. There is*

*certainly no presumption that a minority stockholder is right and a majority stockholder is wrong in opinion as to values and the management of the corporate property.'"* (Emphasis supplied.)

The case most frequently cited by the authorities and considered the leading case on the subject is Hawes v. City of Oakland, 104 U.S. 450, 26 L.Ed. 827. There Mr. Justice Miller stated at pages 460 and 461:

"We understand that doctrine to be that to enable a stockholder in a corporation to sustain in a court of equity in his own name, a suit founded on a right of action existing in the corporation itself, and in which the corporation itself is the appropriate plaintiff, there must exist as the foundation of the suit—

"Some action or threatened action of the managing board of directors or trustees of the corporation which is beyond the authority conferred on them by their charter or other source of organization;

"Or such a fraudulent transaction completed or contemplated by the acting managers, in connection with some other party, or among themselves, or with other shareholders as will result in serious injury to the corporation, or to the interests of the other shareholders;

"Or where the board of directors, or a majority of them, are acting for their own interest, in a manner destructive of the corporation itself, or of the rights of the other shareholders;

"Or where the majority of shareholders themselves are opressively and illegally pursuing a course in the name of the corporation, which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity.

"Possibly other cases may arise in which, to prevent irremediable injury, or a total failure of justice, the court would be justified in exercising its powers, but the foregoing may be regarded as an outline of the principles which govern this class of cases.

"But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that *he has exhausted all the means within his reach to obtain,* within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an *earnest, not a simulated effort,* with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. *If time permits or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it.*

"The efforts to induce such action as complainant desires on the part of the directors, and of the shareholders when that is necessary, *and the cause of failure in these efforts should be stated with particularity,* and an allegation that complainant was a shareholder at the time of the transactions of which he complains, or that his shares have devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction in a case of which it could otherwise have no cognizance, should be in the bill, which should be verified by affidavit.

"It is needless to say that appellant's bill presents no such case as

**348**

we have here supposed to be necessary to the jurisdiction of the court.

"He merely avers that he requested the president and directors to desist from furnishing water free of expense to the city, except in case of fire or other great necessity, and that they declined to do as he requested. No correspondence on the subject is given. No reason for declining. *We have here no allegation of a meeting of the directors, in which the matter was formally laid before them for action. No attempt to consult the other shareholders to ascertain their opinions, or obtain their action.* But within five days after his application to the directors this bill is filed. There is no allegation of fraud or of acts ultra vires, or of destruction of property, or of irremediable injury of any kind." (Emphasis supplied.)

Under Rule 23(b) it is incumbent upon the plaintiffs to set forth with particularity their efforts to secure from the managing directors or trustees of defendant corporation the action with respect to the right which they now assert in behalf of the corporation or give the reasons for their inability to obtain or their reasons for failure to make an effort in that regard. Directing two letters to the corporation, one informing the corporation of the matters averred in the complaint and the second requesting action to be instituted on the facts alleged in the complaint falls short of the mandatory provisions of Rule 23(b).

It would serve no useful purpose to extend this memorandum citing the scores of federal and state cases rendered on this subject. Suffice it to say an examination of the authorities and the complaint leads me to the conclusion it does not state a claim upon which equitable relief can be granted.

The motions to dismiss for failure to comply with Rule 23(b) are granted, with leave to amend the complaint within thirty (30) days after the filing of this memorandum, and the clerk is directed to enter order accordingly.