A. P. BAILEY, M. K. Crain and J. Ensign, Plaintiffs-Appellants,

v.

STATE FARMERS MUTUAL CASUALTY CO., a Corporation, et al., Defendants-Respondents.

No. 23984.

Kansas City Court of Appeals.

Missouri.

April 2, 1964.

Stephen J. Millett, Kingston, Frank L. Pulley, Cameron, for appellants.

Watson, Ess, Marshall & Engass, Kansas City, for respondents.

SPERRY, Commissioner.

Plaintiffs, policy holders of State Farmers Mutual Tornado Insurance Company (hereafter referred to as Tornado), organized under the laws of Missouri, instituted this as a class action for and on behalf of themselves and all policy holders of the company to recover for Tornado Company, $700,000.00 alleged to have been illegally transferred from Tornado Company to State Farmers Mutual Casualty Company (hereafter referred to as Casualty Company), a Mutual Insurance Company organized under the laws of Missouri. The individual defendants in the caption were policy holders and constituted the board of directors of both Tornado and Casualty. Judgment was for defendants and plaintiffs appeal.

Plaintiffs allege that they are policy holders and stockholders of Tornado; that they bring this action for themselves and for the 91,000 other policy holders, as a class, and for Tornado; and that they are truly representative of the class. They do not state facts tending to show how they were selected, or why or how they are truly representative of the class. They do not state facts showing, nor do they allege, that they made demands upon defendants for restitution of the illegally transferred funds, prior to institution of this suit. They allege that they made no demand to secure relief, prior to institution of this action; and the *evidence* established that they did not make any effort, of any kind, to secure correction of the wrongful act for which redress is here sought.

This action is brought pursuant to the provisions of section 507.070, V.A.M.S., providing the remedy which plaintiffs seek. Paragraph two (2) thereof is as follows:

"2. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the petition shall aver that

the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by the operation of the law. *The petition shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making the effort.* (Emphasis ours).

The above section is now Civil Rule 52.08 (b), the second paragraph of which, in part follows:

"The petition shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees, and, if necessary, from the shareholders, such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

It is similar to Federal Rule 23. 28 U.S.C.A. page 146.

The evidence disclosed that Tornado was, by law, restricted to writing insurance covering losses on property by windstorm; that, in 1956, the board of directors and other policy holders, became aware that the public desired "package" insurance which would cover all of their losses and liabilities; that it became desirable that its policy holders should be able to secure, from one company, insurance covering all of their risks; that ways and means of making such services available to Tornado's policy holders, and to its future policy holders, were discussed at various policy holder meetings; that, December 5th, 1957, the State Farmer's Mutual Casualty Company was licensed to do business in Missouri; that it was created by Tornado and was, in effect, subsidiary to Tornado; that, on February 20th, 1958, a meeting of policy holders was held at the home office of Tornado for the purpose of considering and acting upon a proposal to transfer money by loan,

to Casualty Company, to provide it with funds required by law, and with an operating fund; that the entire body of policy holders, including plaintiffs, was notified of this meeting, and of the proposal to be considered; that plaintiffs did not attend the meeting, although they lived within a few miles of the home office and that said meeting was attended by approximately a hundred policy holders; that the proposition hereinbefore mentioned was discussed in open meeting; that no one spoke against it; that it was moved, seconded, and voted by an overwhelming majority of those voting, that Tornado finance Casualty Company; that, prior to said meeting, the defendant directors had sought and obtained the advice and opinion of a lawyer, approving such procedure; that they had conferred with the Superintendent and other officials of the State Department of Insurance; that such department officials approved the plan; that the policy holders, at said meeting, voted instructions to Tornado directors to transfer $700,000.00 of Tornado's funds to Casualty, to be used in financing it; that no policy holder suggested that such action was *ultra vires* the corporation; that said funds were, on February 24th, 1958, transferred to Casualty Company; that, on March 5th, 1958, plaintiffs filed this suit.

It is shown that each and every policy holder, including these individual director defendants, had one, and only one, vote to be cast at any meeting of policy holders, on any subject to be considered or acted upon at such meeting; that, if any person should cease to be a policy holder, he was no longer entitled to cast a vote, and had no further interest of any kind in Tornado; that these individual defendants received, as their sole remuneration for services, a modest per diem for attending meetings of policy holders, and of the board of directors. None of the defendants could profit to any further extent from the formation of Casualty, or from the fact that Tornado financed it with $700,000.00 of its

funds, even though they were directors in both companies.

Before Tornado transferred any funds to Casualty, action was taken so as to make the directors of Casualty the same persons as were the directors of Tornado, and to provide that the interlocking directorate remain in effect until Casualty should have repaid Tornado the full sum to be transferred to it.

Ten days after this suit was filed, (March 15th, 1958), a special meeting of the board of directors of Tornado was held to consider what action to take. The minutes of the meeting recited that no policy holder had, prior to transfer of the funds, objected to or questioned the proposed transfer; that, if any objection had been made, the board would have seriously considered the matter; and that, if the objection appeared to "warrant", the board would have refrained from further action. It was requested, by resolution, that Casualty cease from further action and incur no further expense. On the same date the board of Casualty adopted a resolution to comply with the above request of Tornado.

On March 22nd, 1958, Tornado requested Casualty to cease further operations and to refund to Tornado all funds which had been transferred to it. The board also discussed with counsel the matter of amending its charter so as to authorize Tornado to enter the Casualty Insurance business. On March 22nd, Tornado requested Casualty to wind up its business. On the same date Casualty withdrew its application (dated February 27th), for a license to do an insurance business, and authorized and directed return of $700,000.00 to Tornado. On March 28th, Casualty repaid more than $550,000.00 and, by June 1st, had repaid the entire $700,000.00. It was agreed, in open Court, that full restitution has been made. All that remains in controversy on this appeal is the question of whether or not plaintiffs are entitled to attorney's fees.

The Court found that plaintiffs had wholly failed to comply with the provisions of section 507.070(2), supra, in that they had failed to demand intra-corporate relief from defendant directors, or from the stockholders of the corporation; or to offer evidence sufficient to excuse them for failure to do so.

█ The law is that, in order for minority stockholders to maintain a class action such as this, they must allege with particularity what steps they took prior to institution of the suit, to secure the relief sought. It is not sufficient to allege, as plaintiffs did here, as a legal conclusion, that relief was not demanded because it would have been a useless and futile thing. Vogeler v. Punch, 205 Mo. 558, 103 S.W. 1001, 1005–1006; Caldwell v. Eubanks, 326 Mo. 185, 30 S.W.2d 976, 979, 72 A.L.R. 621; Schick v. Riemer, 263 S.W. 2d 51, 54. It is not enough to make proper allegations; it is necessary that they be proved. But, in this case, it is alleged that no demand for redress had ever been made "because and for the reason that such demand would be futile and unavailing and would be a useless thing or procedure." That allegation is the same as no allegation. Vogeler v. Punch, supra, 103 S.W. 1006.

█ Minority stockholders are excused from making demand for redress where such demand would be vain and useless. Caldwell v. Eubanks, supra; Schick v. Riemer, supra. But that rule does not apply here for the reason that no demand was made nor was there any evidence offered which tended to prove that such a demand would have been unavailing. Plaintiffs say that it would have been useless to make demand because the directors were the wrongdoers. Demand should have been made in accordance with the statute and the rule. The stockholders controlled Tornado. The directors each had one vote, a total of nine votes. There were 91,000 stockholders, each having one vote. These individual defendants could not have defied the will of 91,000 stockholders, each with one vote.

This situation is unlike that in cases where the exception to the rule has been applied. Vogeler v. Punch, supra, 103 S.W. 1005.

The able trial judge also found that plaintiffs had failed to comply with the provisions of Civil Rule 52.09(a); that they failed to prove that they were fairly chosen and that they adequately and fairly represent the stockholders as a class. With that finding we agree. However, we need not further discuss that feature. What we have already said is sufficient to dispose of the case.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

BROADDUS, P. J., and HUNTER, J., concur.

CROSS, J., not sitting.